EASTERN GAS & FUEL ASSOCIATES

*v.*

LEWIS A. HATCHER, *Clerk, etc.,* WEST VIRGINIA DEPARTMENT OF EMPLOYMENT SECURITY, *et al.*

(No. 10994)

Submitted January 21, 1959.    Decided March 17, 1959.

*Spilman, Thomas, Battle & Klostermeyer, W. Victor Ross, Arthur A. Waltenbaugh,* for petitioner.

*F. Duane Hill, Robert E. Sweaney,* for respondents.

BROWNING, JUDGE:

This Court, upon the petition of Eastern Gas & Fuel Associates, hereinafter referred to as petitioner, granted a writ of certiorari to a judgment of the Circuit Court of Kanawha County reversing a decision of the Board of Review of the West Virginia Department of Employment Security wherein the Board held that certain charges to petitioner's account for the years 1949, 1950 and 1951 were improper and should be removed.

This case arose as an administrative proceeding wherein petitioner applied to the Department of Employment Security under Departmental Regulation XV-1 for a redetermination of its contribution rate for the year 1956, and sought to have removed from its account, for merit rating purposes, certain charges for benefits allegedly improperly paid by the Department to former employees of petitioner in the years 1949, 1950, 1951 and 1953 for periods during which such employees drew vacation pay under the provisions of the National Bituminous Coal Wage Agreements for those years.

Departmental Regulation XV, Subsection 1, effective April 1, 1945, provides that an employer desiring to have a review and redetermination of his contribution rate shall file an application therefor within sixty days after notice of its contribution rate. Subsection 2 thereof provides that an employer desiring to have a review and redetermination of the propriety of charges to its account shall file an application therefor within fifteen days after notice of the charging of such benefits. The time within which to apply for a redetermination of charges was subsequently lengthened in 1953 to ninety days.

It is conceded that the charges for the years 1949, 1950, 1951 and 1953 were for benefits paid to former

employees of petitioner, who had been totally separated from their employment previous to the contractural vacation period for those years and for whom no notice of their applications for continuing benefits was given to petitioner, during the vacation period. It is also conceded that the charges for the year 1953, which the Board held to have been timely protested and ordered removed from petitioner's account, which action was affirmed by the Circuit Court of Kanawha County, were properly ordered removed and are not in issue in this proceeding.

The evidence shows that on October 4, 1948, in the case of Howard J. Wolfe, a partial unemployment case, the Board of Review determined that "vacation pay" constituted wages within the meaning of the unemployment compensation law, which action was subsequently affirmed by the Circuit Court of Kanawha County on May 27, 1949. A like decision was made by that court on the same day in the Paden City Pottery Company cases. Again on October 26, 1950, in the case of John A. Buckley, the Board of Review determined that such "vacation pay" constituted wages and is applicable to and received with respect to the week or weeks of vacation. Review of this decision was denied by the Circuit Court of Kanawha County on December 21, 1950. All of the above mentioned cases involved employees who were "partially unemployed" during the vacation period, and there were no applications to this Court to review the decisions of the Circuit Court of Kanawha County.

Previous to the vacation period in 1953, petitioner protested the payment of unemployment benefits to certain specific individuals during the vacation period, describing such individuals as having been drawing unemployment compensation, and who were subject to the National Bituminous Coal Wage Agreement of 1953, and any other similarly situated claimants who were drawing benefits chargeable to petitioner's account.

In the cases of Richard Anderson and Paul V. Carr, a consolidated group of cases arising out of the 1953 va-

cation period, and in which the specifically listed individuals in petitioner's protest previous to the vacation period were included, the Board of Review determined that totally unemployed ex-employees of petitioner were ineligible for unemployment benefits during the vacation period, which action was affirmed by the Circuit Court of Kanawha County on April 20, 1954, and applications for certiorari were denied by this Court on October 17, 1954. No charges were made to petitioner's account for the employees specifically listed in its protest and who were parties to the Anderson and Carr cases, however, benefits were paid to ex-employees of petitioner who were not specifically listed in its protest and the amount of such benefits was charged to petitioner's account.

In conformity with the decision in the Anderson and Carr cases, the Director of the Department of Employment Security issued Regulation IX-A, effective April 5, 1956, requiring employers to report to the Department the name and social security number of individuals entitled to "vacation pay" who would be separated from their employment during the vacation period. The Director also issued Local Office Letter No. 769 to all local unemployment compensation offices directing that the right of all claimants, previously employed in the coal industry, to receive "vacation pay", be ascertained.

As hereinabove mentioned, petitioner applied under Regulation XV-1 for redetermination of its 1956 contribution rate, seeking relief from the charges entered against its account for benefits paid to those ex-employees not specifically listed in its 1953 protest and who were not parties to the Anderson and Carr cases. The application was subsequently amended to seek relief against charges similarly incurred for the years 1949, 1950 and 1951. The Board of Review ordered all such charges removed from petitioner's account, which order was reversed by the Circuit Court of Kanawha County insofar as the charges for the years 1949, 1950 and 1951 were concerned. It is conceded that all charges to an employer's account from the beginning of the unemploy-

ment compensation fund have a bearing upon an employer's contribution rate for any given year. Michie's 1955 Code, Serial Section 2366 (65), (21A-5-10.)

Counsel for the Department, in brief and argument, contend that the reviewability of the charges in question is now barred by the provisions of Subsection 2 of Regulation XV, therefore, the initial question for determination is whether the failure of petitioner to file its application for a review and redetermination of the charges against its account within the fifteen day period bars its right to a consideration of the issues upon the merits. It is clear from the record of the hearing before the Special Deputy of the Director that the petitioner sought an adjustment of its contribution rate by having certain improper charges removed from its account, and had been advised by the Chief Counsel for the Department to proceed under Subsection 1 of Regulation XV to attain this end. The Judge of the Circuit Court of Kanawha County in his opinion made no reference to Regulation XV-2. His decision was based upon the proposition that the holding in the Wolfe and Buckley cases, i. e., that the receipt of vacation pay by persons partially unemployed constituted wages and made such persons ineligible for unemployment compensation benefits, was not a binding precedent requiring the Department of Employment Security to deny benefits to a totally unemployed claimant who received vacation pay during some part of his unemployment. As heretofore stated, the Circuit Court of Kanawha County subsequently held in the Carr and Anderson cases that there was no distinction between partial and total unemployment in this regard, and denied benefits to totally unemployed persons for the period they were receiving so-called "vacation pay" . In this conclusion we concur, and we so hold that "vacation pay" constitutes "wages" within the meaning of §2366 (78) Michie's 1955 Code, (21A-6-4), whether claimants are partially or totally unemployed during the vacation period. In the trial court's opinion, however, reference is made "by way of analogy" to Michie's Code, 1955, §2366 (74), (21A-5-19), which provides that:

"Within two years after the date on which payment of contribution, or interest thereon, is made, an employer, who has paid such payment or interest, may make application for:

"(1) An adjustment thereof in connection with subsequent payments.

"(2) A refund thereof if adjustment cannot be made."

The Board of Review, in a two to one decision, held that the charges against petitioner's account for the years 1949, 1950 and 1951 were "improper charges, and unlawful, and that the employer's account should be relieved of these charges, * * *.", but in the majority opinion there was no reference to the failure of the petitioner to comply with the fifteen day provision of Regulation XV-2 in filing its application for review and redetermination of the charges. In the majority opinion, the Board found that since the petitioner filed its application "for Review and Redetermination of Contribution Rate for 1956" within sixty days after notice of the rate was mailed to it from the Department on December 28, 1955, this was sufficient compliance with Regulation XV-1. The Chairman of the Board, in a dissenting opinion, also failed to mention the fifteen day period for objection by the petitioner, but found that the sixty day limitation provided for in Subdivision 1 was not "unreasonable". It is interesting to note that the Special Deputy for the Director did not base his decision for denial of relief to the petitioner upon failure to apply within the fifteen day period, but solely upon the ground that such relief should be denied petitioner since it already enjoyed for the year 1956 "a zero rate", and could, therefore, reap no benefit for that year.

Perhaps at this point Regulation XV and its two Subsections should be quoted verbatim:

"1. Application for review and redetermination of contribution rate.

"An employer desiring to have a review and redetermination of his *contribution rate* shall file an application for such review within sixty (60) days after the mailing to the employer at

his last known address of the notice of contribution rate.

"2. Application for review and redetermination of chargeability of benefits.

"An employer desiring to have a review and redetermination of the *charging of certain benefits to his account* shall file an application for such review and redetermination within fifteen (15) days after the mailing to the employer at his last known address of the notice of charging of such benefits. Such application shall be filed at the central office or any local office, setting forth: The name and address and official position of the person filing the application; the name and address and identification number of the employer; the name, address and social security account number of the individual the charging of whose benefits is contested; and a brief statement of the reasons for the application for review and redetermination." (Italics supplied.)

It is obvious from reading the two Subsections that they do not refer to the same thing, although the failure to remove from a petitioner's account charges under Subsection 2 might eventually affect its contribution rate under Subsection 1. It is to be observed also that an employer has sixty days to file an application under Subsection 1, and only fifteen days (subsequently changed to ninety days as hereinbefore noted) to file an application under Subsection 2. This petitioner is foreclosed under the statutory provisions of §2366 (74), Michie's 1955 Code, (21A-5-19), from securing any financial refund in this case, since its application, if it could be treated as such, was filed more than two years after any contribution was made as a result of the charges against its account during the years 1949, 1950 and 1951. What the petitioner seeks, and what this Court believes it is entitled to, is the removal of the improper charges made against its account during the years last mentioned. It is true, as was found by the Deputy for the Director, that petitioner's rate would not be affected during the year 1956 by these charges. However, such charges

could thereafter affect the merit rate of the petitioner under the formula which determines an employer's merit rate: All contributions less all benefits charged divided by pay roll for three years past equals reserve divided by pay roll equals employer's factor. The employer's rate is then found in the rate scale set forth in the statute.

Michie's Code, 1955, §2366 (62), (21A-5-7), provides that: "(2) * * * Benefits paid to an *eligible individual* for total unemployment beginning after the effective date of this act shall be charged to the account of the last employer with whom he has had as much as three weeks of continuous employment: * * *." (Italics supplied.) The initial awards of benefits to all of the claimants, which resulted in the charges complained of in this proceeding, were made prior to the decision of this Court in *State ex rel. Davis, etc.* v. *Hix, et al.,* 141 W. Va. 385, 90 S. E. 2d. 357, in which, under the practices then followed by the Director, a written notice of such decision was not given to the employer, but which procedure this Court held in the last cited case was not in compliance with the pertinent provisions of the Unemployment Compensation Act. However, even if such notice had been given, all of these claimants were eligible at that time, and the employer thereafter received no notice of the continuation of payments except as reflected in reports of charges against its account subsequent to the time that the payments were made. After the initial payment, the statute imposes upon the Director the responsibility of not making payments to a claimant who has for some reason become ineligible for such payments. If he does so, that employer's account cannot be validly charged with the amount paid to an ineligible claimant unless the Legislature in clear and unambiguous terms has fixed a limitation upon the time within which an employer must assert his rights. The Legislature exercised its prerogative in the following instances: Michie's 1955 Code, §2366 (102), (21A-7-8), provides for an appeal from the decision of a deputy within eight days after notice thereof; §2366 (103), (21A-7-9), provides for an appeal

to the Board from the decision of "an appeal tribunal" within eight days after notice of the decision; §2366 (111), (21A-7-17), provides that the decision of the Board shall become final unless an interested party shall appeal therefrom to a court within thirty days after mailing of notification of the Board's decision; §2366 (116), (21A-7-22), provides for judicial review within twenty days after a decision of the Board has become final by commencing an action against the Board in the Circuit Court of Kanawha County, see *Wilson* v. *Hix*, 136 W. Va. 59, 65 S. E. 2d. 717, for a construction of this section and §2366 (111) ; and, as heretofore stated, under the provisions of §2366 (74), (21A-5-19), an employer who seeks a refund of contributions "erroneously collected" must do so within two years after such payment of contributions was made. There is no such limitation of the time within which an employer may ask for the elimination of improper charges against his account for merit rating purposes. It must be assumed from the absence of such statutory provision that the Legislature had good reason for not imposing one. An administrative body has the authority to make rules and regulations which are not inconsistent with the provisions of the statute under which it functions. Michie's 1955 Code, §2366 (28), (21A-2-20), provides: "The director may issue rules and regulations in accordance with such regular procedure as the director shall prescribe." But, an administrative body may not issue a regulation "which is out of harmony with, or which alters, or limits, the statute being administered, * * *." 42 Am. Jur. 358, Public Administrative Law, Section 53. To the same effect is 73 C.J.S. 415, Public Administrative Bodies and Procedure, Section 94, and many cases cited under these two sections respectively. In our view, therefore, from the very nature of the procedure by which an employer's contribution rate is determined, in that all charges to an employer's account from the beginning of the fund must be considered each year, Subsection 2 of Regulation XV is out of harmony with the statute and invalid.

In this regard, it is interesting to compare Subsection 2 of Regulation XV with Regulation 1(g) which provides:

"The Director shall, for the year one thousand nine hundred forty-eight and for each calendar year thereafter, classify employers in accordance with their *actual experience* in the payment of contributions on their own behalf and with respect to benefits charged against their accounts, with a view of fixing such contribution rates as will reflect such experience. * * *.

"Provided further, that whenever through *mistake or inadvertence erroneous credits or charges* are found to have been made to or against the reserve account of any employer, the rate shall be adjusted as of January one of the calendar year *in which such mistake or inadvertence is discovered; but payments made under any rate assigned prior to January one of such year shall not be deemed to be erroneously collected.*" (Italics supplied.)

No authority is cited in brief of counsel for respondent for their contention that the decision in the Carr and Anderson cases was not binding upon the Department retrospectively. Neither is such authority cited in the written opinion of the trial court. Restricting the consideration of this question to the decision of the Circuit Court of Kanawha County in the Wolfe and Buckley cases, we are of the view that the latter decision was conclusive in holding that "vacation pay" was "wages" within the meaning of the statute. If such payments were wages in partial unemployment cases, they constituted wages in total unemployment cases. In its opinion in the Carr and Anderson cases, the trial court said: "As I view it, those decisions [Wolfe and Buckley] are controlling here."

The judgment of the Circuit Court of Kanawha County is reversed, and the order of the Board, granting petitioner the relief sought in this proceeding, is reinstated.

*Reversed and remanded*
*with directions.*