STATE OF WEST VIRGINIA BY CLEMENT R. BASSETT,

*Director of Employment Security*

*v.*

LEWIS A. HATCHER, *Clerk,*

CIRCUIT COURT OF KANAWHA COUNTY *et al.*

(No. 12181)

Submitted May 8, 1963.                    Decided June 4, 1963.

*James M. Sprouse,* for petitioners.

*Ralph E. Phillips,* for respondent.

BROWNING, JUDGE:

Upon petition of Leo Affolter and others similarly situated, hereinafter called claimants, this Court granted a writ of certiorari to a judgment of the Circuit Court of Kanawha County, entered January 29, 1962, holding claimants to be disqualified to receive unemployment benefits for the period January 30-February 12, 1961.

The evidence, which is uncontradicted, is as follows: Claimants are employees of Libbey-Owens-Ford Glass Company, hereinafter called employer, at its plant in Charleston, West Virginia; the demand for employer's product is seasonal, necessitating the layoff of a number of its employees at least once a year; the employment contract between claimants and employer provides for a paid vacation which may be taken at the option of the employee, but subject to the approval of employer, any time between February 1st and December 31st by giving reasonable notice of the dates on which such employee desires to be off; "They [the employees] all get their pay when they take their vacation, . . ." however, the employer has endeavored, at the request of the union, to pay all vacation payments early in the year and has done so in recent years in the months of February and March, regardless of when the employee actually takes his vacation; the majority of employees who take vacations take them in the summer or fall, although, in view of the annual layoff, some of the claimants have never taken vacations; claimants received notice that they would be laid off beginning January 29, 1961, because of a shortage of work,

and, at the specific request of their union representatives, vacation payments were made by employer on January 30, 1961; and while some of the men laid off have returned to work, the majority have not and there is no positive assurance that they will be recalled.

Claimants made application for unemployment benefits and were held by the Deputy to be eligible but " . . . disqualified from January 30, 1961, to February 12, 1961—vacation pay during this period." On appeal to the Board of Review, the Board reversed the Deputy and held claimants to be eligible without disqualification, on the ground that the vacation payments received are applicable to the periods designated by the individual claimants as their respective vacation periods, whenever they are so designated.

The State, by Clement R. Bassett, Director of Employment Security, obtained a review of such order by the Circuit Court of Kanawha County and, as heretofore stated, that Court, on January 29, 1962, reversed the Board of Review and held the claimants disqualified for the periods covered by the vacation payments, however directing that benefits be paid for that period pursuant to the provisions of Code, 21A-7-11, as amended, but that employer's account should not be charged therewith.

Code 21A-7-11 provides:

"If an appeal is filed, benefits for the period prior to final determination of the board shall be paid only after such determination. If benefits are allowed by the decision of the board on appeal from the decision of the appeal tribunal the benefits shall be paid whether such decision reverses or affirms the decision of the appeal tribunal and regardless of any further appeal: Provided, that such decision does not relate to a disqualification under subsection (4) of section four of article six; but if the decision of the board is reversed on appeal an employer's account shall not be charged with the benefits so paid."

It will be noted from the foregoing that the claimants, appellants in this Court, have received their benefits for the disputed period and that there is no obligation upon them

to repay the same; the employer's account has not been charged therefor; and, the department, the only party which might be said to be aggrieved by the ruling of the Circuit Court, appears here only in opposition to claimants' contentions.

The claimants contend that the circuit court erred in holding that the vacation period was attributable to the period of layoff rather than to subsequent periods when it is alleged that the claimants would actually take their vacations. The Department contends that the petition should be dismissed as improvidently awarded upon the grounds, (a) that the issue of the payment of benefits to the claimants is now moot since they have already been paid, and (b) that upon the merits the claimants elected to take their vacations at the time they were paid and therefore are ineligible for unemployment compensation for the same period.

This Court held in *State ex rel. Hedrick v. Board of Commissioners of Ohio County, etc., et al.*, 146 W. Va. 79, 118 S. E. 2d 73 that: "It is only where some controverted rights of persons or of property are also involved that courts will decide cases involving moot questions." It is the decision of this Court that the issues presented upon this appeal are not moot. It is true that the intermediate appellate court, the Circuit Court of Kanawha County, held that the claimants should receive their benefits and that the employer's account should not be charged therewith, but should this Court reverse that decision the employer's account would be charged rather than to have such benefits charged to the general fund. Claimants have been held to be disqualified for benefits for the period, immediately following their layoff, for which they have received vacation pay and, except for the extraordinary provision of Code, 21A-7-11, as amended, would be pecuniarily aggrieved by such decision. This section " . . . has for its sole and overall purpose the awarding of benefits, if benefits are allowed by the decision of the board of review on appeal from the decision of the appeal tribunal, whether the decision of the board of review reverses or affirms the decision of the appeal tribunal, and regardless of any further delay or proceeding in the Circuit

Court of Kanawha County and in this Court, so that an employer who, as a matter of right, can take an appeal from the field deputy to the appeal tribunal and from the appeal tribunal to the board of review cannot unduly harass claimants in the emergency, which necessarily accompanies their unemployment by delaying the payment of benefits pending the procedure in the circuit court and in this Court. . . ." *Wilson* v. *Hix*, 136 W. Va. 59, 65 S. E. 2d 717. Thus, this section, having the sole beneficent purpose stated, will not be permitted to deprive claimants of a judicial review of their asserted rights.

This Court held in *Eastern Gas & Fuel Associates* v. *Lewis A. Hatcher, Clerk, etc., West Virginia Department of Employment Security, et al.,* 144 W. Va. 229, 107 S. E. 2d 618, in the first point of the syllabus, that: " 'Vacation pay' received by persons partially or totally unemployed during a contractual vacation period is attributable to such period and constitutes 'wages' within the meaning of the Unemployment Compensation Act." The Board of Review, in its finding, stated: "The testimony of the Claimants in this case indicates that, as a practical matter, because of the irregular work in recent years, employees frequently did not take off from work for vacation but assigned a period of an otherwise layoff to their vacation time." In *Allen* v. *Maryland Employment Security Board,* 206 Md. 316, 111 A. 2d 654, the Court, in its opinion stated: "The great weight of authority is that vacation pay is to be considered referable to so long a time following its payment as it would have taken to earn it. During such period, the recipient has not been considered by the Courts to have been unemployed." Upon this question see *Wellman* v. *Riley,* 95 N. H. 507, 67 A. 2d 428; *Battaglia* v. *Board of Review, etc.* 14 N. J. Super. 24, 81 A. 2d 186; and *Renown Stove Company* v. *Michigan Unemployment Compensation Commission,* 328 Mich. 436, 44 N. W. 2d 1. See also 30 A.L.R. 2d 366 and additional cases cited therein.

It is the view of this Court that these claimants received their vacation pay at their request, made through their union representative, and that the claimants, in effect,

elected to take their vacation at that time. The testimony in this case was taken on April 4 of the same year and none of the claimants designated any period other than the periods for which they were paid and it would only be supposition, as observed from the testimony, as to whether they would designate later periods for their vacations or not take a vacation other than the one for which they had already been paid. Inasmuch as this Court has held that vacation pay constitutes wages within the meaning of the unemployment compensation act, it is the opinion of this Court to affirm the ruling of the Circuit Court of Kanawha County in which he found that these claimants were disqualified from receiving benefits during the respective periods immediately following the layoff for which they were compensated by vacation pay.

*Judgment affirmed.*