STATE *ex rel.* DAVID C. CALLAGHAN,

*etc., et al.,* W. VA. DEPT. OF NATURAL RESOURCES

*v.*

THE W. VA. CIVIL SERVICE COMMISSION,

*et al., etc., and* K. L. PAINTER

(No. 14901)

Decided December 9, 1980.

118

*Chauncey H. Browning*, Attorney General, *Robert D. Pollitt*, Assistant Attorney General, for appellants.

*Bowles, McDavid, Graff & Love, Charles M. Love, III and Thomas B. Bennett* for W. Va. Civil Service Commission et al.

*William Oates, Marvin W. Masters, and Robert A. Taylor* for K. L. Painter.

HARSHBARGER, JUSTICE:

The West Virginia Department of Natural Resources challenges the jurisdiction of our Civil Service Commission to hear complaints about non-merit discrimination by an appointing authority.

Department employee K. L. Painter filed a complaint with the commission on February 8, 1980, that alleged discriminatory conduct against him because he testified before a legislative committee. A commission hearing was scheduled for March 27, but on March 11, he was suspended for thirty days, effective March 17—April 16, and then transferred from Randolph County to Morgan County on April 17. On March 25, the department petitioned the Kanawha County Circuit Court to prohibit any commission hearing because it lacked jurisdiction. That court prohibited commission action on anything except the department's motion to dismiss, which motion was denied by the commission on March 27. On April 8, Painter moved to amend his appeal to include allegations about his transfer

and thirty-day suspension.[1] Then on May 8, the circuit
court discharged its rule and denied the prohibition.

## I.

DNR argues that the commission's appellate jurisdiction
is clearly and unambiguously defined in Code, 29-6-15, and
is limited to that provision. Code, 29-6-15, provides:

> Any employee in the classified service who is
> dismissed or demoted after completing his proba-
> tionary period of service or who is suspended for
> more than thirty days in any one year, may, within
> thirty days after such dismissal, demotion or
> suspension, appeal to the commission for review
> thereof.

The commission claims jurisdiction through rules and
regulations it promulgated to effectuate the civil service
system statute.

> The general purpose of this article is to attract to
> the service of this state personnel of the highest
> ability and integrity by the establishment of a
> system of personnel administration *based on merit
> principles* and scientific methods governing the
> appointment, promotion, transfer, layoff, removal,
> discipline, classification, compensation and wel-
> fare of its civil employees, and other incidents of
> state employment. (Emphasis added.)Code, 29-6-1.

The Legislature gave it "authority to promulgate, amend
or repeal rules ... to implement the provisions of this
article," Code, 29-6-10, and to issue "such other rules and
administrative regulations, not inconsistent with this
article, as may be proper and necessary for its enforce-
ment," Code, 29-6-10(12). The last paragraph of 29-6-10 is
instructive:

> The commission and the director may include in
> the rules provided for in this article such provisions
> as are necessary to conform to regulations and
> standards of any federal agency governing the
> receipt and use of federal grants-in-aid by any

---

[1] The amendment was permitted and treated as a new complaint by
the commission on June 4.

state agency, anything in this article to the contrary notwithstanding. The commission and the director shall see that rules and practices meeting such standards are in effect continuously after the effective date of this article.

Our civil service system act is a conglomeration of statutes that must be read in *pari materia. Fruehauf Corp. v. Huntington Moving & Storage Co.,* 159 W.Va. 14, 217 S.E.2d 907 (1975), Syllabus Point 5. To guarantee a merit-based personnel system, the commission has provided classified employees or applicants with appeals from agency decisions made on non-merit factors.

No person shall be favored or discriminated against with respect to employment in the classified service because of political or religious opinions or affiliations, race, national origin, or *other non-merit factors.* This prohibition shall apply to recruitment, examination, appointment, training, promotion, demotion, dismissal and any *other personnel* actions. A person who alleges such discrimination shall have *the right of appeal to the Commission* in accordance with the provisions of Article XII of these rules.
Civil Service Rule XVI, 1-1
(emphasis added).

In the same manner as that described under Article 12, Section 4-1, an employee who alleges that he has been discriminated against in recruitment, examination, appointment, training, retention or any other personnel action because of political or religious opinions or affiliations or because of race, national origin or *other non merit factors,* shall have the *right to be heard by the Civil Service Commission.* Civil Service Rule XII, 4-3 (emphasis added).

It is within the legislative purpose recited for creating the commission to maintain a merit-based classified service, that it hear appeals from non-merit personnel actions, and rules affording aggrieved persons appeal rights are "proper and necessary for its enforcement."

This is not the first time we have implied a legislative grant of authority to an agency from the "purpose" clause of a statute. *State Human Rights Commission v. Pauley,* 158 W.Va. 495, 212 S.E.2d 77 (1975). Our focus must be on the rule's reasonableness and whether it conforms to the statute. *Anderson & Anderson Contractors, Inc. v. Latimer,* 162 W.Va. 803, 257 S.E.2d 878, 881 (1979); *Walls v. Miller,* 162 W.Va. 563, 251 S.E.2d 491 (1978); *Eastern Gas & Fuel Associates v. Hatcher,* 144 W.Va. 229, 107 S.E.2d 618 (1959). Appellant cites *California School Employees Assoc. v. Personnel Commission of the Pojaro Valley Unified School Dist. of Santa Cruz County,* 89 Cal. Rptr. 620, 474 P.2d 436 (1970) and *Seitz v. Duval County School Board,* Fla. , 366 So.2d 119 (1979), as authority about rule-making beyond statutory grant. The California agency enacted a rule that *contradicted* legislative mandate; *Seitz's* facts are closer to ours, but we find that court's reasoning not persuasive.

Also, we have previously heard non-merit discrimination appeals from commission rulings. *Drennen v. Department of Health,* 163 W.Va. 185, 255 S.E.2d 548 (1979); *Childers v. Civil Service Commission,* 155 W.Va. 69, 181 S.E.2d 22 (1971); *Guine v. Civil Service Commission,* 149 W.Va. 461, 141 S.E.2d 364 (1965).

The commission's authority to make rules that comply with federal standards for the receipt by state agencies of federal grants-in-aid also sanctions its power to formulate these rules.

The Intergovernmental Personnel Act of 1970, 42 U.S.C. 4701, *et seq.,* in its statement of purpose pronounces that the use of state and local governments to administer programs financed in part by federal funds requires upgrading of state personnel administration:

[C]onsistent with such merit principles as —

* * * * * *

(4) retaining employees on the basis of the adequacy of their performance, correcting inadequate performance, and separating employees whose inadequate performance cannot be corrected;

(5) assuring fair treatment of applicants and employees in all aspects of personnel administration without regard to political affiliation, race, color, national origin, sex, or religious creed and with proper regard for their privacy and constitutional rights as citizens. . . .

\* \* \* \* \* \*

42 U.S.C. §4701,
Pub. L. 91-648, §2,
January 5, 1971, 84 Stat. 1909.

The United States Civil Service Commission has prescribed standards, as authorized in 42 U.S.C. §4728(a) and 42 U.S.C. §4763(c)(1), to implement the merit principles found in 42 U.S.C. §4701, *supra*. Many federal programs require that state and local agencies establish and maintain personnel systems that conform with the Standards for A Merit System of Personnel Administration, 5 C.F.R. 900, which incorporate the Intergovernmental Personnel Act Merit Principles. *See* 5 C.F.R. 900.611(a)(2) and (3) and Appendix A. These standards include the fourth and fifth merit principles of 42 U.S.C. 4701, quoted *supra*, at 5 C.F.R. §900.606(a) and 900.607(a); 42 U.S.C. §4728(b), Pub. L. 95-454, Title VI, §602(a)(2), Oct. 13, 1978, 92 Stat. 1188. As a guide for implementation of Merit Principle IV, the rules state:

(2) No employee should be subject to separation or other disciplinary action for disclosure, not prohibited by law, of violations of laws, rules, or regulations or other improper actions. Mechanisms to protect such employees should include procedures by which they may report wrongdoing or inefficiency to an independent body, prohibitions and protections against reprisals, and *an appeal procedure for employees who suffer reprisal* because of their disclosures. 5 C.F.R. 900.606-1(b)(2) (emphasis added).

A requirement for Merit Principle V is:

In the event of separation or demotion, State and local governments will provide permanent employ-

ees with the right to appeal through an impartial process that may be recommendatory to or enforceable on the appointing authority. In addition, State and local governments will provide for appeals of alleged discrimination in any personnel action on the basis of race, color, religion, sex, national origin, political affiliation, age, handicap *or other nonmerit factors* by any applicant or employee through an impartial process that will result in timely, enforceable decisions. 5 C.F.R. 900.607-3(a) (emphasis added).

Eligibility for federal grants in critical federal programs may well depend upon compliance with these rules, and so our commission had the authority to, and has, generated procedures to provide for impartial, timely appeals about non-merit discrimination.

The commission acted within the authority granted it by the Legislature when it promulgated Rules XVI, 1-1 and XII, 4-3, facilitating such appeals.

## II.

The DNR next argues that if the commission was within its statutory grant of authority when it designed an appeals procedure for non-merit discrimination, the Legislature violated the constitutional principle of separation and delegation of powers in W. Va. Const. art. V, §1 and art. VI, §1, by delegating power to make rules to comport with yet unwritten federal standards; and thus violated *State v. Grinstead*, 157 W.Va. 1001, 206 S.E.2d 912 (1974). *Grinstead* held that the Legislature is the only body that can make criminal laws and it is an improper delegation of power to permit an administrative agency to adopt criminal laws *in futuro* and without limitation. Here, there is no criminal sanction attached to the agency's rule permitting appeals from alleged non-merit discrimination. The procedure does not enlarge, amend or repeal substantive rights created by statute: it does not "make law"; nor is it a simple transposition of federal law into state regulations. At most, the federal standards serve to define the merit-based system that the Legislature has required. The specific delegation contained in Code, 29-6-10, is not an

unconstitutionally broad delegation of power. In *Woodring v. Whyte*, 161 W.Va. 262, 242 S.E.2d 238, 243-44 (1978), we adhered to the modern trend of requiring less exactness in standards set for administrative agency rule making. *See Anderson & Anderson Contractors, Inc. v. Latimer, supra.*

### III

Finally, DNR posits that there is inconsistency between Code, 29-6-22 and Civil Service Rule XVI, §3.[2] DNR has no standing to present this issue here. There is no indication in the record that the commission has or intends to employ the forfeiture of office provisions of Rule XVI, §3 to DNR or any of its employees. Its jurisdiction to hear Painter's appeal is challenged here; we need not decide unrelated matters that can be reviewed through our Administrative Procedures Act, 29A-4-1 and 2.[3]

---

[2] Code, §29-6-22. Penalties.

(a) Any person who willfully violates any provision of this article or of the rules shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than five hundred dollars, or imprisoned in the county jail for a period not to exceed one year, or both fined and imprisoned. Jurisdiction under this section shall be in a court of record exercising criminal jurisdiction within the county wherein the offense is committed.

(b) Any person who is convicted of a misdemeanor under this article shall, for a period of five years, be ineligible for appointment to or employment in a position in the classified or classified-exempt service, and if he is an officer or employee of the state, shall forfeit his present office or position.

Civil Service Rules and Regulations, Article XVI:
Sec. 3. Penalty for Discrimination and Political Activities

1. Any officer or employee in the state service who violates any of the foregoing provisions of this section shall forfeit his office or position, and for one year shall be ineligible for any office or position in the state service.

[3] §29A-4-1. Declaratory rulings by agencies.

On petition of any interested person, an agency may issue a declaratory ruling with respect to the applicability to any person, property or state of facts of any rule or statute enforceable by it. A declaratory ruling, if issued after argument and stated to be binding, is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court, but it shall not be binding on any other person. Such ruling is subject to review before

We affirm the decision below denying the writ of prohibition.

*Affirmed.*

the court and in the manner hereinafter provided for the review of orders or decisions in contested cases. Each agency may prescribe by rule the form for such petitions and the procedure for their submission, consideration and disposition.

§29A-4-2. Declaratory judgment on validity of rule.

(a) Any person, except the agency promulgating the rule, may have the validity of any rule determined by instituting an action for a declaratory judgment in the circuit court of Kanawha county, West Virginia, when it appears that the rule, or its threatened application, interferes with or impairs or threatens to interfere with or impair, the legal rights or privileges of the plaintiff or plaintiffs. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the plaintiff or plaintiffs has or have first requested the agency to pass upon the validity of the rule in question.