## STATE OF WEST VIRGINIA
## IN THE SUPREME COURT OF APPEALS

**Dexter L. Gore,**
**Petitioner**

**FILED**

March 28, 2013
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 11-0612 (Board of Review Appeal No. 2045475)**

**The Insurance Commissioner of West Virginia**
**in its capacity as Administrator of the Old Fund,**

**and**

**Boone County Parks and Recreation Commission,**
**Respondents**

## MEMORANDUM DECISION

The Petitioner herein and claimant below, Dexter L. Gore, appeals from an order entered March 31, 2011, by the Workers' Compensation Board of Review, which affirmed the decision of the Workers' Compensation Office of Judges dated January 4, 2011. The Administrative Law Judge's decision affirmed the Claims Administrator's order of January 13, 2010, which granted a thirteen percent permanent partial disability award to Petitioner. Herein, Petitioner asserts that he is entitled to an additional five percent permanent partial disability award. The appeal was timely perfected by counsel, and the appendix record accompanied the petition. The West Virginia Insurance Commissioner, in its capacity as administrator of the Old Fund, filed its response. Based upon the parties' written submissions and oral arguments, the portions of the record designated for our consideration, and the pertinent authorities, we find that the Board of Review did not err in affirming the decision of the Workers' Compensation Office of Judges and the Claims Administrator's order finding that the Petitioner was entitled to a thirteen percent permanent partial disability award. Accordingly, we affirm the underlying decision. This Court further finds that this case presents no new or significant questions of law, and, thus, it will be disposed of through a memorandum decision as contemplated by Rule 21 of the Rules of Appellate Procedure.

Petitioner, a superintendent with the Boone County Parks and Recreation Commission, injured his lower back on March 1, 1999, when he was picking up cinder blocks. His claim was held compensable for lumbosacral sprain (diagnosis code 846.0) by order of the West Virginia Bureau of Employment Programs on April 5, 1999.

1

Petitioner was provided with conservative treatment of doctor's visits, medications and physical therapy. Eventually, Dr. Schmidt, Petitioner's treating physician, requested authorization for surgery. The surgery, a lumbar laminectomy and discectomy, was performed at Charleston Area Medical Center. Petitioner returned to work six months after his injury.

Petitioner was seen by Dr. Ramanathan Padmanaban in October 2009, for the purpose of an independent medical evaluation ("IME"). Dr. Padmanaban found Petitioner to be at maximum medical improvement and determined that Petitioner was ready for an impairment rating. Dr. Padmanaban determined Petitioner's impairment rating using the AMA Guide Fourth Edition as well as Rule 20, Section VII tables. Dr. Padmanaban asserted that using the range of motion model from AMA Guide Fourth Edition, Petitioner's impairment rating was eighteen percent whole person impairment. Further, using Rule 20, Section VII tables, § 85-20-C, Petitioner was at lumbar category III, which gave him a range of ten to thirteen percent whole person impairment. Dr. Padmanaban went on to assert that since Petitioner's impairment using the range of motion modes was eighteen percent and he had a lumbar laminectomy and discectomy and also still had residual symptoms, that he would rate him as thirteen percent whole person impairment because West Virginia Workers' Compensation uses Rule 20, Section VII tables for impairment rating. The approved patient history form for back pain was completed by Mr. Padmanaban at the time of the IME. The approved back examination form was also completed by Dr. Padmanaban. Thereafter, on January 13, 2010, Petitioner was given a thirteen percent permanent partial disability award. Petitioner appealed to the Office of Judges.

Upon appeal, the Administrative Law Judge ("ALJ") asserted in the January 4, 2011 decision that "claimant's counsel submitted a closing argument contending that Rule § 85-20-64.1 is unlawful since it provides for the reduction of permanent partial disability assessments based upon preconceived ranges of impairment regardless of the extent of medical impairment the claimant actually received. Therefore, claimant's counsel contends the claimant is entitled to an 18% permanent partial disability award as opposed to a 13% permanent partial disability award." The ALJ opined that the "claimant was granted a 13% award in accordance with the recommendation of Dr. Padmanaban, who properly referenced the AMA Guides, Fourth Edition and Rule 20. In addition, Dr. Padmanaban conducted a complete and thorough evaluation of the claimant and his medical records." The ALJ also stated that there was "no medical evidence of record to refute the findings and conclusions of Dr. Padmanaban" and there was also "no evidence to indicate the report of Dr. Padmanaban is unreliable." The ALJ concluded that "[s]ince the date of the award examination was after June 14, 2004, Rule 20 is controlling" and that the OOJ "has no authority to determine the legality of Rule 20"; therefore, "[u]pon consideration of the aforesaid, a preponderance of the evidence would dictate the Claim Administrator's Order of January 13, 2010, should be affirmed." The Board of Review

also affirmed the Decision of the Office of Judges which affirmed the Claims Administrator's order of January 13, 2010. Petitioner appeals that order.

When the West Virginia Supreme Court grants an appeal from the Workers' Compensation Board of Review, review of the Board's final order is guided by West Virginia Code § 23-5-15 (2005), which directs that:

> (b) [i]n reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the supreme court of appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record.

West Virginia Code § 23-5-15(b, c).

West Virginia Code § 23-4-6(i) (2005) provides "once the degree of medical impairment has been determined that degree of impairment shall be the degree of permanent partial disability that shall be awarded to the claimant." Although West Virginia Code § 23-4-6(i) requires that a claimant's permanent partial disability award be equal to his whole person medical impairment rating, the Legislature left the method of determining whole person medical impairment to the Board of Managers. The Board of Managers adopted Rules §§ 85-20-64.1 and 64.2 which provide the following:

> 64.1. Pursuant to West Virginia Code § 23-4-3b(b), the Commission hereby adopts the following ranges of permanent partial disability for common injuries and diseases. *Permanent partial disability assessments shall be determined based upon the range of motion models contained in the Guides Fourth. Once an impairment level has been determined by range of motion assessment, that level will be compared with the ranges set forth below.*

*Permanent partial disability assessments in excess of the range provided in the appropriate category as identified by the rating physician shall be reduced to within the ranges set forth below*:

64.2. Lumbar Spine Impairment: The range of motion methodology for assessing permanent impairment shall be used. However, a single injury or cumulative injuries that lead to a permanent impairment to the Lumbar Spine area of one's person shall cause an injured worker to be eligible to received permanent partial disability award with the ranges identified in Table 85-20-C. The rating physician must identify the appropriate impairment category and then assign an impairment rating within the appropriate range designated for that category.

*Id*. (emphasis added).

Petitioner argues that although the Legislature gives the Commission authority to "adopt standards for the evaluation of claimants and the determination of a claimant's degree of whole body medical impairment" the Legislature clearly intended that a claimant be compensated based upon medical impairment personal to him. Petitioner contends that Rule §§ 85-20-64.1 and 64.2 are in direct conflict with W. Va. Code § 23-4-6(i). Petitioner avers that each claimant is to be compensated commensurate with the degree of his medical impairment, not a preconceived estimate of impairment based upon diagnostic codes. He argues that Tables 85-20-a, b and c base permanent partial disability awards upon diagnosis rather than actual wholeperson medical impairment specific to the claimant.

Petitioner contends that similar diagnosis-related estimates of impairment have already been considered by the Court and found to be in direct conflict with specific unambiguous Workers' Compensation statutes. *Repass v. Workers' Compensation Division*, 212 W.Va. 86, 569 S.E.2d 162 (2002). In *Repass*, this Court concluded that a Diagnosis Related Estimate Model of permanent partial disability conflicts with "the proper time for making an impairment rating, the proper treatment of progressive injuries, the procedure for reopening a claim, and the consideration of a second injury." The Court ruled that any medical examination conducted using a Diagnosis Related Estimate of impairment is "invalid and unreliable."

It is fundamental that the Legislature may delegate to an administrative agency the power to make rules and regulations to implement the statute under which the agency functions. In exercising that power, however, an administrative agency may not issue a regulation which is inconsistent with, or which alters or limits its statutory authority. *Rowe v. W. Va. Dept. of Corrections*, 170 W. Va. 230, 233, 292 S.E.2d 650, 653 (1982). We stated this principle in *Eastern Gas & Fuel Associates v. Hatcher*, 144 W.Va. 229, 237, 107 S.E.2d 618, 623 (1959):

4

"But, an administrative body may not issue a regulation 'which is out of harmony with, or which alters, or limits, the statute being administered, . . . .' 42 Am.Jur. 358, Public Administrative Law, Section 53. To the same effect is 73 C.J.S. 415, Public Administrative Bodies and Procedure, Section 94 and many cases cited under these two sections respectively."

*See also* 1A Michie's Jurisprudence, Administrative Law § 5 (1980). This Court has held that:

Any rules or regulations drafted by an agency must faithfully reflect the intention of the Legislature, as expressed in the controlling legislation. Where a statute contains clear and unambiguous language, an agency's rules or regulations must give that language the same clear and unambiguous force and effect that the language commands in the statute.

Syl. pt. 4, *Maikotter v. University of West Virginia Bd. of Trustees/West Virginia Univ.*, 206 W.Va. 692, 527 S.E.2d 802 (1999). An administrative agency's rules and regulations must also be reasonable and conform to the laws enacted by the Legislature. *Anderson & Anderson Contractors, Inc. v. Latimer*, 162 W.Va. 803, 257 S.E.2d 878, 881 (1979); *Walls v. Miller*, 162 W.Va. 563, 251 S.E.2d 491 (1978); 1 Am.Jur.2d *Administrative Law* § 126 (1962).

The Board of Managers was expressly charged with the duty of adopting the ranges for permanent partial disability assessments in W. Va. Code § 23-4-3b. That statute provides the following:

§ 23-4-3b. Creation of health care advisory panel

(a) The commission shall establish a health care advisory panel consisting of representatives of the various branches and specialties among health care providers in this state which shall be in existence until termination of the commission. There shall be a minimum of five members of the health care advisory panel who shall receive reasonable compensation for their services and reimbursement for reasonable actual expenses. Each member of this panel shall be provided appropriate professional or other liability insurance, without additional premium, by the state board of risk and insurance management created pursuant to article twelve, chapter twenty-nine of this code. The panel shall:

(1) Establish guidelines for the health care which is reasonably required for the treatment of the various types of injuries and occupational diseases within the meaning of section three of this article;

(2) Establish protocols and procedures for the performance of examinations or evaluations performed by physicians or medical examiners pursuant to sections seven-a and eight of this article;

(3) Assist the commission in establishing guidelines for the evaluation of the care provided by health care providers to injured employees for purposes of section three-c of this article;

(4) Assist the commission in establishing guidelines regarding the anticipated period of disability for the various types of injuries pursuant to subsection (b), section seven-a of this article; and

(5) Assist the commission in establishing appropriate professional review of requests by health care providers to exceed the guidelines for treatment of injuries and occupational diseases established pursuant to subdivision (1) of this section.

(b) In addition to the requirements of subsection (a) of this section, on or before the thirty-first day of December, two thousand three, *the board of managers shall promulgate a rule establishing the process for the medical management of claims and awards of disability* **which includes, but is not limited to, reasonable and standardized guidelines and parameters** *for* appropriate treatment, expected period of time to reach maximum medical improvement and *range of permanent partial disability awards for common injuries and diseases or, in the alternative, which incorporates by reference the medical and disability management guidelines, plan or program being utilized by the commission for the medical and disability management of claims, with the requirements, standards, parameters and limitations of such guidelines, plan or program having the same force and effect as the rule promulgated in compliance herewith.* (emphasis added).

Based upon the requirements of W. Va. Code § 23-43b, the Board of Managers must adopt rules that include, but are not limited to, reasonable and standardized guidelines and parameters for range of permanent partial disability awards. We find that the Board of Manager's decision to determine impairment based upon AMA Range of Motion criteria found in the Fourth Edition of the AMA Guides is within its discretion to adopt rules to evaluate each claimant's medical impairment as intended by the Legislature. The Board of Manager's adoption of Rules §§ 85-20-64.1 and 64.2 and Tables 85-20-a, b and c, is therefore consistent with the intention of the Legislature as expressed in W. Va. Code § 23-4-6(i). *See* Syl. pt. 16, *Simpson v. West Virginia Office of Insurance Commissioner*, 223 W. Va. 495, 678 S.E.2d 1 (2009)("W. Va. C.S.R. Table §

6

85-20-C (2004) is valid and is a proper exercise of the rule-making authority delegated to the Workers' Compensation Board of Managers by the Legislature in W. Va. Code § 23-4-3b(b) (2005)(Repl. Vol. 2005).").

Once whole person medical impairment has been calculated using the Range of Motion Model of Impairment found in the 4th Edition of the AMA Guides, West Virginia Code § 23-4-6(i) directs that the claimant be compensated with a permanent partial disability award in the same amount as the whole person medical impairment rating. In this specific claim, Dr. Ramanathan Padmanaban concluded that Petitioner has an eighteen percent whole person medical impairment. Further, using Rule 20, Section VII tables, § 85-20-C, Dr. Padmanaban properly found Petitioner to be at lumbar category III, which gave him a range of ten to thirteen percent whole person impairment. Dr. Padmanaban properly referenced the AMA Guides, Fourth Edition and Rule 20, and conducted a complete and thorough evaluation of Petitioner and his medical records. There was no medical evidence of record to refute the findings and conclusions of Dr. Padmanaban and there was also no evidence to indicate the report of Dr. Padmanaban is unreliable.

Therefore, for the foregoing reasons, we affirm the West Virginia Board of Review's order entered March 31, 2011, which affirmed the decision of the Workers' Compensation Office of Judges dated January 4, 2011, and the Claims Administrator's order of January 13, 2010, which granted a thirteen percent permanent partial disability award to the Petitioner.

Affirmed.

ISSUED: March 28, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II