ENGLISH MOVING AND STORAGE COMPANY, INC., *et al.*

*v.*

THE PUBLIC SERVICE COMMISSION OF WEST VIRGINIA

(No. 10909)

Submitted September 18, 1957. Decided November 19, 1957.

*Charles E. Anderson,* for petitioners.

*Myron R. Renick,* Attorney, Chairman, Public Service Commission, *Robert L. Hart, Jr., Hillis Townsend and T. D. Kauffelt,* for respondent.

HAYMOND, JUDGE:

Upon this review of orders entered February 15, 1957 and April 16, 1957 by the respondent, The Public Service Commission of West Virginia, sometimes herein designated as the commission, the petitioners, English Moving and Storage Company, Inc., Nelson Transfer and Storage Company, Mathews Storage Company, Capitol Transfer and Storage Company, H. B. Kidd, and American Transfer and Storage Company, all of whom are certified common carriers of household goods and operate moving vans in Kanawha County, West Virginia, seek reversal of the foregoing orders of the commission in a proceeding instituted before it in May, 1955, by the petitioners against John D. Mundy, doing business as Mundy Transfer Company.

The complaint filed by the petitioners on May 24, 1955, in the proceeding before the commission, charged Mundy with the illegal operation of a household goods moving van under a certificate held by him and requested the commission by order to direct him to cease to operate a moving van of that character and to revoke the certificate. The order entered February 15, 1957, held that the certificate previously transferred to Mundy entitles him to operate a household goods moving van in Kanawha County and, to a limited extent, in adjoining counties and dismissed the complaint. The order of April 16, 1957 denied the petition of the complainants to reopen and reconsider the matters involved in that proceeding.

This Court granted this review on June 17, 1957, upon the petition of the six above named common carriers of household goods. On September 17, 1957, the questions arising upon the petition, the statement of the respondent of its reasons for the entry of its orders of February 15, 1957 and April 16, 1957, and the briefs and the oral arguments in behalf of the respective parties, were submitted for decision.

The certificate now held by John D. Mundy, doing business as Mundy Transfer Company, was originally issued to Flem Hanna, doing business as Jordan Transfer Company, by order entered January 30, 1941, and authorizes its holder "to operate as a common carrier by motor vehicle in the transportation of commodities generally in the conduct of a local transfer, drayage and baggage business from place to place in Kanawha County, with occasional trips from and to said County to and from other points and places within the State." Various transfers of the certificate were from time to time authorized and approved by the commission including the transfer of the certificate from Roy Mundy, doing business as Mundy Transfer Company, to the present holder John D. Mundy, doing business as Mundy Transfer Company.

Upon the application of the present holder of the certificate, the commission, by order entered June 16, 1952,

approved a transfer of the certificate to M. C. Lindamood, doing business as Lindy's Motor Freight. That transfer was authorized subject to certain limitations, one of which was that the transferee should not operate a motor vehicle known as a moving van or transport household goods. The transfer of the certificate, as so authorized, was not accepted by Lindamood and was never completed and, upon the application of Mundy, the transfer of the certificate authorized by the order of June 16, 1952, was cancelled by the commission by order entered September 24, 1952. The transfer having been cancelled by that order, the certificate as originally issued, without the limitation imposed upon the transferee by the order entered June 16, 1952, remains in force and effect.

By Section 3, Article 2, Chapter 50, Acts of the Legislature, 1937, Regular Session, contained in Chapter 24A, Article 2, Section 3, Michie's West Virginia Code of 1955, Annotated, the commission is empowered and authorized by general order or otherwise to prescribe rules and regulations in conformity with the statute applicable to any and all common carriers by motor vehicle, and to do all things necessary to carry out and enforce the provisions of the statute. Pursuant to that statutory provision the commission by general order entered May 21, 1940, adopted and promulgated rules, restrictions, and limitations, relating to certificates of convenience and necessity issued to common carriers of property by motor vehicles for the transportation of commodities generally. These rules, which were promulgated before the certificate now held by Mundy was issued on January 30, 1941, have been in effect since their adoption on May 21, 1940 and contain, among others, these pertinent provisions:

"2. A certificate authorizing the transportation of 'general commodities' includes the right to transport all types of property capable of, or suitable for, transportation by ordinary motor vehicle, but, unless specifically so provided in the certificate, does not authorize the use of special facilities or special motor vehicles in the transportation of any commodity, * * *.

"3. * * *. The following, among others, are deemed to be special motor vehicles or motor vehicles embodying special facilities: * * *, household goods moving vans, * * *."

The validity of the quoted provisions of the foregoing rules is not questioned by any party in interest and the controlling question presented for decision upon this review is whether the language of the certificate originally issued to Hanna and now held by John D. Mundy, doing business as Mundy Transfer Company, authorizes the operation by him of a household goods moving van within the territory covered by the certificate.

It is clear from the express provisions of Rule 2 that a certificate for the transportation of general commodities does not authorize the use of special facilities or special motor vehicles in the transportation of any commodity, unless specifically so provided in the certificate, and, from the express provisions of Rule 3, that a household goods moving van is a special motor vehicle or a motor vehicle which embodies special facilities. Those provisions of the foregoing rules are clear and unambiguous and for that reason are not subject to construction by the commission. Rules which are plain and unambiguous should be applied but not construed.

The certificate held by John D. Mundy, doing business as Mundy Transfer Company, is by its terms a certificate for the transportation of commodities generally and, unless the language used specifically authorizes its holder to operate a household goods moving van, which, by rule 3 is declared to be a special facility, he can not, under the certificate, rightfully operate a van of that type or description. The language of the certificate immediately following the provision which authorizes its holder to operate as a common carrier by motor vehicle in the transportation of commodities generally constitutes a limitation with respect to the manner and the area in which he is permitted to transport commodities generally as a common carrier by motor vehicle. The certificate in its en-

tirety indicates clearly that the authority of the holder is limited to the transportation of commodities generally as a common carrier by motor vehicle in connection with his local transfer, drayage and baggage business in Kanawha County and to make occasional trips from and to that county to and from other areas within this State. It authorizes only the transportation of commodities generally subject to the restriction that such commodities should be transported in the conduct of a designated type of local business within a limited area and on occasional trips to and from that area as mentioned in the certificate. The provisions of the certificate do not authorize its holder to operate the special facility of a household goods moving van in Kanawha County or elsewhere in this State.

The language of the certificate is clear and unambiguous and is not subject to construction. Its language speaks for itself and its meaning is clear and unequivocal. When a valid written instrument is clear and unambiguous it will be given full force and effect according to its plain terms and provisions. *Magnus* v. *Halltown Paper Board Company,* 143 W. Va. 122, 100 S. E. 2d 201; *Davis* v. *Combined Insurance Company of America,* 137 W. Va. 196, 70 S. E. 2d 814; *Hereford* v. *Meek,* 132 W. Va. 373, 52 S. E. 2d 740; *Kanawha Banking and Trust Company* v. *Gilbert,* 131 W. Va. 88, 46 S. E. 2d 225; *Adkins* v. *Aetna Life Insurance Company,* 130 W. Va. 362, 43 S. E. 2d 372; *Babcock Coal and Coke Company* v. *Brackens Creek Coal Land Company,* 128 W. Va. 676, 37 S. E. 2d 519, 163 A. L. R. 871; *State* v. *Conley,* 118. W. Va. 508, 190 S. E. 908; *Strother* v. *McDowell County National Bank,* 113 W. Va. 75, 166 S. E. 818; *Griffin* v. *Fairmont Coal Company,* 59 W. Va. 480, 53 S. E. 24, 2 L. R. A., N. S., 1115.

The commission should have given force and effect to the rules which apply to the instant certificate; and it should not have construed the plain and unambiguous provisions of the certificate or placed upon it a construction which violates the provisions of the foregoing rules.

Its failure to apply those rules and its action in construing the language of the certificate and in placing upon it a construction which is not justified by the plain terms and provisions of the certificate and which is violative of its applicable rules constitute an error in law which requires reversal of the challenged orders. "A final order of the Public Service Commission, based upon findings not supported by evidence, or based upon a mistake of law, will be reversed and set aside by this Court upon review." Point 3, syllabus, *Atlantic Greyhound Corporation* v. *Public Service Commission of West Virginia,* 132 W. Va. 650, 54 S. E. 2d 169; syllabus, *United Fuel Gas Company* v. *The Public Service Commission of West Virginia,* 143 W. Va. 33, 99 S. E. 2d 1.

The orders of the commission entered February 15, 1957 and April 16, 1957 are reversed and set aside; and this proceeding is remanded to the commission for the entry by it of an order requiring the holder of the certificate considered upon this review, John D. Mundy, doing business as Mundy Transfer Company, to cease to operate a household goods moving van under such certificate and for such further action, if any, as the commission may deem proper, in conformity with established principles of law.

*Reversed and remanded with directions.*