IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2017 Term

FILED

March 1, 2017

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-0146

DOMESTIC VIOLENCE SURVIVORS'
SUPPORT GROUP, INC., doing business as
DOMESTIC VIOLENCE COUNSELING CENTER,
Petitioner

v.

WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES, OFFICE OF HEALTH
FACILITY LICENSURE AND CERTIFICATION,
Respondent

Appeal from the Circuit Court of Kanawha County
The Honorable Jennifer F. Bailey, Judge
Civil Action No. 14-AA-40

REVERSED AND REMANDED

Submitted: January 17, 2017
Filed: March 1, 2017

Joseph M. Ward, Esq.
Frost Brown Todd, LLC
Elise N. McQuain, Esq.
Goodwin & Goodwin, LLP
Charleston, West Virginia
Counsel for Petitioner

Patrick Morrisey, Esq.
Attorney General
Thomas M. Johnson, Jr., Esq.
Deputy Solicitor General
Steven R. Compton, Esq.
Senior Assistant Attorney General

James W. Wegman, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent


JUSTICE WORKMAN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dep't of W.Va.*, 195 W.Va. 573, 466 S.E.2d 424 (1995).

2.      "The judiciary is the final authority on issues of statutory construction, and we are obliged to reject administrative constructions that are contrary to the clear language of a statute." Syl. Pt. 5, *CNG Transmission Corp. v. Craig*, 211 W.Va. 170, 564 S.E.2d 167 (2002).

3.      "'Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syllabus Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968)." Syl. Pt. 3, *Tribeca Lending Corp. v. McCormick*, 231 W.Va. 455, 745 S.E.2d 493 (2013).

4.      "'A statute, or an administrative rule, may not, under the guise of "interpretation," be modified, revised, amended or rewritten.' Syllabus Point 1, *Consumer Advocate Div'n v. Public Service Comm'n,* 182 W.Va. 152, 386 S.E.2d 650 (1989)." Syl. Pt. 4, *CNG Transmission Corp. v. Craig*, 211 W.Va. 170, 564 S.E.2d 167 (2002).

WORKMAN, Justice:

This action is before the Court upon the appeal of Petitioner Domestic Violence Survivors' Support Group, Inc., d/b/a Domestic Violence Counseling Center ("DVCC"), a non-profit corporation that provides counseling services to victims of domestic violence. DVCC appeals the order of the Circuit Court of Kanawha County, West Virginia, which affirmed an administrative decision denying its application for a behavioral health center license.[1] Respondent West Virginia Department of Health and Human Resources ("DHHR"), Office of Health Facility Licensure and Certification ("OHFLAC") denied DVCC's application for licensure on the sole ground that DVCC does not employ a licensed counselor. DVCC claims that OHFLAC arbitrarily interpreted its administrative rule in a manner contrary to statute to arrive at its decision. We agree and reverse the order of the circuit court.

I. FACTUAL AND PROCEDURAL HISTORY

As a prerequisite to becoming a licensed behavioral health center, DVCC applied for a Certificate of Need ("CON") from the West Virginia Health Care Authority ("WVHCA"). *See* W.Va. Code §§ 16-2D-1 to -20 (2016) (establishing criteria for CON and providing procedures for approval). In February of 2012, the WVHCA issued a CON to DVCC and it has been renewed multiple times during this litigation. DVCC submitted

---

[1] A behavioral health center is a licensed entity that provides behavioral health services as defined by West Virginia Code of State Rules § 64-11-3 (2000).

1

its application for a behavioral health center license to OHFLAC in September of 2012.[2] As part of the application process, OHFLAC conducted an onsite survey of DVCC. OHFLAC issued a statement of deficiencies and DVCC responded by submitting plans of correction. The parties worked together to resolve many of those issues; the only dispute that remains unresolved is OHFLAC's insistence that West Virginia Code of State Rules § 64-11-5.5g (2000), requires all counselors at behavioral health centers to be professionally licensed. That rule provides: "All professional staff and consultants of the Center shall be in compliance with applicable State professional licensure requirements." *Id*. OHFLAC interprets this rule as requiring counselors employed at behavioral health centers be licensed by the Board of Examiners in Counseling pursuant to West Virginia Code § 30-31-1 (2015).

Elizabeth Crawford, DVCC's Executive Director, is the only individual currently providing counseling services at DVCC. Ms. Crawford holds a Master of Science degree in Community Health Promotion from West Virginia University's School

[2] Licensure from OHFLAC is mandated by West Virginia Code § 27-9-1 (2013), which provides, in part:

> No hospital, center or institution, or part of any hospital, center or institution, to provide inpatient, outpatient or other service designed to contribute to the care and treatment of the mentally ill or intellectually disabled, or prevention of such disorders, may be established, maintained or operated by any political subdivision or by any person, persons, association or corporation unless a license therefor is first obtained from the Secretary of the Department of Health and Human Resources.

of Medicine and over the years has completed numerous continuing education courses related to domestic violence and counseling. However, Ms. Crawford does not hold a license as a professional counselor pursuant to West Virginia Code § 30-31-1.

DVCC challenged OHFLAC's decision to deny its licensure request and the matter went to administrative hearing on August 28, 2013. DVCC argued that, as a nonprofit corporation, its counselors are exempt from the licensure requirement by West Virginia Code § 30-31-11(a)(4) (2015), which provides that "professional counselors . . . in any public or private nonprofit corporations" are exempt from the requirements of West Virginia Code § 30-31-1. DVCC presented testimony from Ms. Crawford; OHFLAC submitted testimony from Dr. Rose Lowther-Berman, Program Manager for the Behavioral Health Program at OHFLAC. Following the hearing, the hearing examiner issued a recommended decision to the DHHR's Secretary in which he found that West Virginia Code of State Rules § 64-11-5.5g requires all professional personnel at behavioral health centers to be licensed. On April 3, 2014, the DHHR's Secretary issued a Final Administrative Order wherein she adopted the hearing examiner's decision.[3]

---

[3] West Virginia Code of State Rules § 64-1-12 requires that a hearing examiner issue a final order "within forty-five (45) days following the submission of all documents and materials necessary for the proper disposition of the case[.]" The hearing examiner submitted his decision to the Secretary of the DHHR (and not to the parties) within forty-five days. However, the DHHR's Secretary then held the hearing examiner's decision for another three and a half months before disclosing it as part of her Final Administrative Order. DVCC argues this delay violated its constitutional right to procedural due process. (continued . . .)

DVCC appealed the agency's decision to the circuit court. *See* W.Va. Code § 29A-5-4 (2015) (providing procedures for judicial review of contested cases under State Administrative Procedures Act). By order issued January 15, 2016, the circuit court agreed with OHFLAC's interpretation of the administrative rule and justified its decision largely on pragmatic grounds; it reasoned that behavioral health centers have numerous regulatory mandates that can only be accomplished by licensed personnel.[4] DVCC filed a timely notice of appeal from this judgment.

---

*See* Syl. Pt. 7, *Allen v. West Virginia Human Rights Comm'n*, 174 W.Va. 139, 141, 324 S.E.2d 99, 101 (1984) (holding West Virginia Constitution places affirmative duty on administrative agencies performing quasi-judicial functions to dispose promptly of matters properly submitted). DVCC claims the Secretary's delay caused tangible harm because it was forced to spend time and money to obtain an extension of its CON from the WVHCA.

Because we find DVCC failed to demonstrate "actual and substantial prejudice" as a result of the delay, we do not grant relief on this basis. *See Miller v. Moredock*, 229 W.Va. 66, 72, 726 S.E.2d 34, 40 (2011) (holding when party asserts constitutional right to due process has been violated by administrative delay in issuance of final order, he or she must demonstrate actual and substantial prejudice as a result of delay). Nevertheless, we take this opportunity to comment on the complete lack of contrition shown by the DHHR for the lengthy period of time that ensued between the administrative hearing and the issuance of the final ruling. Rather than offering any explanation for the delay that occurred, the DHHR chose instead to criticize the circuit court for taking more than a year to render its decision. This Court is troubled with the cavalier attitude the DHHR has taken with regard to its failure to meet its regulatory obligations.

[4] At the administrative hearing held in this matter, Dr. Lowther-Berman testified that licensure of professional staff should be required considering the complex regulatory requirements of behavioral health centers. She opined the centers have numerous mandates that could best be accomplished by licensed personnel; she conceded, however, that a non-licensed individual with the correct experience, education, and knowledge could comply with those mandates.

(continued . . .)

4

## II. STANDARD OF REVIEW

To resolve this question of law, we examine an administrative rule coupled with a statutory provision. Thus, we apply plenary review. "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dep't of W.Va.*, 195 W.Va. 573, 466 S.E.2d 424 (1995). We are further mindful that: "The judiciary is the final authority on issues of statutory construction, and we are obliged to reject administrative constructions that are contrary to the clear language of a statute." Syl. Pt. 5, *CNG Transmission Corp. v. Craig*, 211 W.Va. 170, 564 S.E.2d 167 (2002).

## III. DISCUSSION

This case presents a narrow legal question: whether West Virginia Code of State Rules § 64-11-5.5g should be read – as interpreted by the agency – as requiring all counselors at behavioral health centers to be professionally licensed counselors. OHFLAC argues that the rule is ambiguous and therefore this Court should defer to the agency's construction of the rule. DVCC counters that the rule should be applied as

Therefore, OHFLAC raised public-policy arguments in support of its position that the exemption set forth in West Virginia Code § 30-31-11(a)(4) should not apply to counselors employed at behavioral health centers. These public-policy arguments should be directed to the legislature, not to the courts. *See* Syl. Pt. 2, *Huffman v. Goals Coal Co.*, 223 W.Va. 724, 679 S.E.2d 323 (2009) ("This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal *Constitutions*.").

written and the agency exceeded its authority by interpreting a rule that is unambiguous. Further, DVCC asserts both the agency and the circuit court failed to recognize that, as a non-profit corporation, DVCC's counselors are statutorily exempt from the professional licensure requirement. The crux of DVCC's argument is that there is no ambiguity in either the rule or statute and when their plain language is applied, there is no impediment to it obtaining a behavioral health center license. We agree.

This Court has consistently held that where the language of a statute is clear and unambiguous, we must apply it as written, without resort to tools of statutory construction. "'Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syllabus Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968)." Syl. Pt. 3, *Tribeca Lending Corp. v. McCormick*, 231 W.Va. 455, 745 S.E.2d 493 (2013); *accord* Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.,* 144 W.Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."). The same principle applies to administrative rules.[5]

---

[5] As we held in syllabus points two and three of *West Virginia Health Care Cost Review Authority v. Boone Memorial Hospital*, 196 W.Va. 326, 472 S.E.2d 411 (1996):

> Once a disputed regulation is legislatively approved, it has the force of a statute itself. Being an act of the West Virginia Legislature, it is entitled to more than mere deference; it is entitled to controlling weight. As authorized

(continued . . .)

As this Court recognized in syllabus point four of *CNG Transmission*: "'A statute, or an administrative rule, may not, under the guise of "interpretation," be modified, revised, amended or rewritten.' Syllabus Point 1, *Consumer Advocate Div'n v. Public Service Comm'n,* 182 W.Va. 152, 386 S.E.2d 650 (1989)." 211 W.Va. at 171, 564 S.E.2d at 168; *see* Syl. Pt. 3 *Crockett v. Andrews,* 153 W.Va. 714, 172 S.E.2d 384 (1970) ("While long standing interpretation of its own rules by an administrative body is ordinarily afforded much weight, such interpretation is impermissible where the language is clear and unambiguous."); Syl. Pt. 1, *English Moving & Storage Co. v. Public Serv. Comm'n of W.Va.,* 143 W.Va. 146, 100 S.E.2d 407 (1957) (stating in context of administrative rule that "[w]hen a valid written instrument is clear and unambiguous it will be given full force and effect according to its plain terms and provisions").

The administrative rule at issue provides that "[a]ll professional staff and consultants of the Center shall be in compliance with applicable State professional licensure requirements." W.Va. Code R. § 64-11-5.5g. Looking first to the plain and

---

by legislation, a legislative rule should be ignored only if the agency has exceeded its constitutional or statutory authority or is arbitrary or capricious.

If the language of an enactment is clear and within the constitutional authority of the law-making body which passed it, courts must read the relevant law according to its unvarnished meaning, without any judicial embroidery. Even when there is conflict between the legislative rule and the initial statute, that conflict will be resolved using ordinary canons of interpretation.

ordinary meaning of the language in the rule, we note that the word "applicable" makes clear that professional staff and consultants at a behavioral health center must be in compliance with the professional licensure requirements that "apply" to them. Simply stated, this rule articulates that the agency must ascertain which licensure requirements are applicable and require staff members to be in compliance. The rule's directive is straightforward. In locating the applicable State professional licensure requirements, we look to the provision of the West Virginia Code under which professional counselors are licensed, West Virginia Code §§ 30-31-1 to -17 (2015), entitled "Licensed Professional Counselors." West Virginia Code § 30-31-1 sets forth the general requirement that persons engaging in professional counseling must hold a license.[6] However, the following activities are exempt from this requirement: "The official duties of persons serving as professional counselors . . . whether as volunteers or for compensation or other personal gain, in any public or private nonprofit corporations, organizations, associations or charities[.]" W.Va. Code § 30-31-11(a)(4).

---

[6] The statute provides:

> It is unlawful for any person to practice or offer to practice professional counseling or marriage and family therapy in this State without a license issued under the provisions of this article, or advertise or use any title or description tending to convey the impression that the person is a licensed professional counselor or a licensed marriage and family therapist unless the person has been licensed under the provisions of this article, and the license has not expired, been suspended, revoked or exempted.

W.Va. Code § 30-31-1.

DVCC is a nonprofit corporation registered with the West Virginia Secretary of State and, therefore, is exempt from the licensure requirements of West Virginia Code § 30-31-1. W.Va. Code § 30-31-11(a)(4). Consequently, because the licensure requirements of West Virginia Code § 30-31-1 do not apply to DVCC as a nonprofit, those requirements do not constitute an "applicable State professional licensure requirement" with which DVCC must comply. Thus, the fact that DVCC does not employ a licensed counselor is not a valid reason for OHFLAC to deny its application for a behavioral health center license under the rule at issue.

In an attempt to avoid this obvious conclusion, OHFLAC asserts several flawed arguments. OHFLAC maintains that the administrative rule is ambiguous "[a]s shown by this litigation" in its attempt to persuade this Court to give deference to its interpretation. However, OHFLAC neglects to provide *any* explanation as to how the rule is ambiguous. OHFLAC does not articulate what language in the rule suggests that the exemption for counselors at nonprofits set forth in West Virginia Code § 30-31-11(a)(4) does not apply to behavioral health centers; it cannot when faced with such clear language. The lack of a foundation for these arguments reveals that OHFLAC is clinging to nothing more than a litigation position created solely to justify its denial of DVCC's application. As such, the agency's interpretation is not entitled to deference here. *See West Virginia Health Care Cost Review Auth. v. Boone Mem'l Hosp.,* 196 W.Va. 326, 334, 472 S.E.2d 411, 419 (1996) (noting courts customarily withhold deference from agency's litigation position).

9

At oral argument in this matter, OHFLAC advanced the claim that pursuant to statute, the Secretary of the DHHR "may make such terms and regulations in regard to the conduct of any licensed hospital, center or institution, or part of any licensed hospital, center or institution, as he or she thinks proper and necessary." W.Va. Code § 27-9-1 (2013). OHFLAC maintains the agency has the authority to require all professional staff and consultants of behavioral health centers hold professional licensure pursuant to West Virginia Code § 30-31-1 notwithstanding the exemption set forth in West Virginia Code § 30-31-11(a)(4). The problem with OHFLAC's rationale here is simple: The words of its administrative rule do not say that. There is simply no language in the rule indicating that it should be interpreted in the way advanced by OHFLAC.[7]

---

[7] Had DHHR/OHFLAC meant to require licensure for all counselors, including those employed by nonprofit corporations, the drafters of the administrative rule could have said something to the effect that "[a]ll professional staff and consultants of the Center shall be in compliance with the State professional licensure requirements set forth in West Virginia Code § 30-31-1 and the exemption set forth in West Virginia Code § 30-31-11(a)(4) is not applicable." But the rule says nothing of the sort.

If the rule contained such language, then our inquiry would be whether the administrative rule was contrary to statute. *See* Syl. Pt. 11, *Simpson v. W.Va. Office of Insurance Comm'r,* 223 W.Va. 495, 678 S.E.2d 1 (2009) ("'Procedures and rules properly promulgated by an administrative agency with authority to enforce a law will be upheld so long as they are reasonable and do not enlarge, amend or repeal substantive rights created by statute.' Syllabus point 4, *State ex rel. Callaghan v. West Virginia Civil Service Commission,* 166 W.Va. 117, 273 S.E.2d 72 (1980)."); *Anderson & Anderson Contractors, Inc. v. Latimer,* 162 W.Va. 803, 807-08, 257 S.E.2d 878, 881 (1979) ("Although an agency may have power to promulgate rules and regulations, the rules and regulations must be reasonable and conform to the laws enacted by the Legislature.").

Accordingly, OHFLAC's construction is contrary to the statutory and regulatory schemes, while DVCC's construction is consistent with them. We therefore hold that OHFLAC's interpretation of West Virginia Code of State Rules § 64-11-5.5g, as requiring all professional counselors to be professionally licensed, is unsupported by the language of the rule and contrary to West Virginia Code § 30-31-11(a)(4), in which the Legislature exempted all counselors working at nonprofit organizations from having to be licensed.

## IV. CONCLUSION

For the reasons stated above, we reverse the January 15, 2016, order of the Circuit Court of Kanawha County and remand this matter for further proceedings consistent with the directives contained in this opinion.

Reversed and remanded.

11