# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**GMS Mine Repair and Maintenance, Inc.,**
**d/b/a GMS Construction,**
**Defendant Below, Petitioner**

**FILED**
**April 20, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0309** (Pocahontas County 16-C-58)

**Mountaineer Contractors, Inc.,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner GMS Mine Repair and Maintenance, Inc., d/b/a GMS Construction, by counsel William C. Means, appeals the Circuit Court of Pocahontas County's February 27, 2019, order denying its motion for judgment as a matter of law or, alternatively, a new trial following a jury trial on respondent's breach of contract and promissory estoppel claims. Respondent Mountaineer Contractors, Inc., by counsel Joshua S. Rogers and David R. Stone, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

After soliciting bids in accordance with state law, the West Virginia Department of Transportation, Division of Highways ("DOH"), awarded Respondent Mountaineer Contractors, Inc. ("MCI") a contract for a sidewalk repair project at Hillsboro Elementary School in Pocahontas County, West Virginia, on June 15, 2016. This contract provided that the project would be completed by or on August 26, 2016, and would begin with a "Notice to Proceed." It was further agreed between the DOH and MCI that time was of the essence.

Before submitting its bid to the DOH, MCI solicited a bid from Petitioner GMS Mine Repair and Maintenance, Inc., d/b/a GMS Construction ("GMS Construction"). GMS Construction submitted a bid on May 9, 2016, stating that the requested work could be performed for $210,165.75. Because MCI failed to account for West Virginia Code of State Rules § 157-3-10.1, however—requiring that it "shall perform, with his or her own organization, work amounting to not less than 30 percent of the total contract cost" ("30% rule")—it required GMS Construction to submit a revised bid excluding concrete, which MCI planned to provide to bring it in line with the 30% rule. On June 17, 2016, GMS Construction submitted its revised

1

bid, which contained terms identical to those in its initial bid save for the provision of concrete. GMS Construction quoted a price of $124,124.75. The parties did not execute a subcontractor agreement.

Despite indicating otherwise in its contract with MCI, the DOH did not issue its notice to proceed until September 30, 2016. GMS Construction began working at the site at some point in November of 2016, but it ceased working before completing the job. GMS Construction informed MCI that the change in seasons, increased school traffic, and MCI's failure to provide necessary support services, such as effective traffic management, rendered the project incompletable at the quoted price, and it requested a modification. After MCI declined to provide additional compensation, GMS Construction withdrew from the worksite.

On December 27, 2016, MCI sued GMS Construction for breach of contract and promissory estoppel. GMS Construction moved for summary judgment, arguing that the parties had no enforceable agreement due to the failure to comply with West Virginia Code of State Rules § 157-3-10.1.a ("subcontract regulation"), which requires that subcontracts be in writing.[1] The circuit court denied this motion, and the three-day trial on MCI's claims began on October 31, 2018. The jury found that no contract existed between the parties; however, it found GMS Construction liable under the doctrine of promissory estoppel, and it awarded damages in the amount of $105,475.87.

Following trial, GMS Construction moved for judgment as a matter of law or, alternatively, a new trial. GMS Construction argued that the court erred in failing to instruct the jury on the subcontract regulation, that it "watered down" GMS Construction's jury instruction on the 30% rule by describing it as "context for testimony," that it erred in failing to give an instruction on time being of the essence, and that MCI could not lawfully pursue a promissory estoppel claim.

The circuit court denied GMS Construction's post-trial motion on February 27, 2019. Preliminarily, the court concluded that GMS Construction's motion for judgment as a matter of law was untimely in light of its failure to make that motion before the case was submitted to the jury.[2] The court further found that GMS Construction was not entitled to a new trial. It found that GMS Construction was not unduly prejudiced by the court's refusal to give the requested instructions or its commentary regarding the instruction on the 30% rule. Finally, the court noted that GMS Construction raised an objection to the promissory estoppel instruction for the first time at the hearing on its post-trial motion. The court found the objection waived, but it also concluded that the instruction properly stated the applicable law. Petitioner now appeals.

---

[1] This DOH regulation provides, in part, that "[e]ach subcontract, including lower-tier subcontracts, shall be in writing and shall physically contain all the applicable provisions, requirements, and specifications." W. Va. Code R. § 157-3-10.1.a.

[2] GMS Construction does not challenge this conclusion on appeal.

In reviewing a circuit court's rulings on a motion for a new trial, this Court employs an abuse of discretion standard of review. *Tennant v. Marion Health Care Found.*, 194 W. Va. 97, 104, 459 S.E.2d 374, 381 (1995).

> Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Id.*

GMS Construction raises five assignments of error on appeal, one of which concerns the circuit court's denial of its motion for summary judgment on MCI's promissory estoppel claim. GMS Construction argues that the parties' failure to abide by the subcontract regulation and reduce their subcontract to writing precludes recovery under promissory estoppel. GMS Construction acknowledges that various statutes of frauds "are amenable to promissory estoppel exceptions," but claims that "no such exception presently exists." In support of its assertion that subcontracts of this sort must be reduced to writing, it cites *Knotts v. Board of Education of the Independent District of Bridgeport*, 113 W. Va. 56, 166 S.E. 703 (1932), *Burgess v. City of Cameron*, 113 W. Va. 127, 166 S.E. 113 (1932), and *English Moving & Storage Co. v. Public Service Commission of West Virginia*, 143 W. Va. 146, 100 S.E.2d 407 (1957). These cases, GMS Construction contends, stand for the propositions that where taxpayer money is spent on public works, the requirement to reduce a contract to writing cannot be ignored, and that "there are legal consequences for noncompliance with applicable law."

We review de novo a circuit court's denial of a motion for summary judgment. Syl. Pt. 1, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002). Under the doctrine of promissory estoppel, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable *notwithstanding the Statute of Frauds* if injustice can be avoided only by enforcement of the promise." Syl. Pt. 4, in part, *Hoover v. Moran*, 222 W. Va. 112, 662 S.E.2d 711 (2008) (emphasis added). Thus, assuming that the subcontract regulation is a statute of frauds, promissory estoppel, nevertheless, may be invoked to enforce the promise made.[3]

The cases cited by GMS Construction do not compel a different conclusion, nor do they address the issue on appeal in a meaningful manner. *Knotts* and *Burgess* involve public entities,

---

[3] MCI denies that the subcontract regulation is a statute of frauds.

whereas GMS Construction and MCI are private corporations.[4] GMS Construction cites no law even suggesting that a private construction company cannot recover damages under promissory estoppel for the reasonable reliance on a bid submitted by another private construction company. Accordingly, it has failed to demonstrate error in the circuit court's denial of its motion for summary judgment.

GMS Construction's four remaining assignments of error pertain to jury instructions. First, GMS Construction contends that the circuit court erred in failing to give its proposed instruction on the subcontract regulation. This failure, GMS Construction contends, deprived the jury of the opportunity to consider MCI's noncompliance, which "might well have influenced the jury's view of comparative equities." GMS Construction also argues that the court's instruction on promissory estoppel was deficient because it omitted a discussion of factors relevant to whether "injustice can be avoided only by enforcement of the promise." *See* Syl. Pt. 3, in part, *Everett v. Brown*, 174 W. Va. 35, 321 S.E.2d 685 (1984) (outlining factors to consider in determining whether injustice can be avoided only by enforcement of the promise). Third, GMS Construction claims that the court erred in failing to give a "time is of the essence" instruction. Fourth, GMS Construction claims that the court "discount[ed] a rule of law" by describing its 30% rule instruction as a context for testimony.

"As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a

---

[4] In *Knotts*, we held that the petitioner was not entitled to a writ of mandamus compelling execution of an employment contract with the respondent board of education. 113 W. Va. at 56, 166 S.E. at 704. While the president of the board of education verbally represented that the petitioner would be hired, that conversation was not binding on the board of education. *Id.* (relying on, for example, our holding in *Honaker v. Board of Education of Pocatalico District*, 42 W. Va. 170, 24 S.E. 544 (1896), that members of a board of education separately, when not convened as a board to transact business, cannot contract or otherwise bind the board as a corporation, and all who deal with the board of education are charged with notice of the scope of their authority).

In *Burgess*, a contractor could not recover under quantum meruit for construction work performed for a city where the city, in violation of the city charter, did not solicit competitive bids for that work. 113 W. Va. at 129, 166 S.E. at 115. In that situation, the city had no power to contract, and "one contracting . . . with a municipality is charged with a knowledge of the limitations imposed upon it by charter." *Id.* In short, *Knotts* and *Burgess* involve attempts to enforce a contract against a party known to have no authorization to make that contract. GMS Construction does not argue that it or MCI lacked authority to contract, nor could it.

Even less relevant, *English Moving & Storage Co.*, broadly speaking, addresses whether a public service commission's certificate authorizing certain business included the authorization to conduct other business. *See* 143 W. Va. at 151-52, 100 S.E.2d at 410.

4

question of law, and the review is *de novo*." Syl. Pt. 2, *Foster v. Sakhai*, 210 W. Va. 716, 559 S.E.2d 53 (2001) (citation omitted).

> Even if a requested instruction is a correct statement of the law, refusal to grant such instruction is not error when the jury was fully instructed on all principles that applied to the case and the refusal of the instruction in no way impeded the offering side's closing argument or foreclosed the jury's passing on the offering side's basic theory of the case as developed through the evidence.

Syl. Pt. 2, *Shia v. Chvasta*, 180 W. Va. 510, 377 S.E.2d 644 (1988). Finally,

> [t]he formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

Syl. Pt. 6, *Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. 97, 459 S.E.2d 374 (1995).

We find no abuse of the circuit court's discretion in its refusal to instruct the jury on the subcontract regulation or on time being of the essence. MCI's promissory estoppel claim was predicated on the bids submitted by GMS Construction; consequently, this claim existed before any failure to comply with the subcontract regulation. Simply put, there was no error in failing to instruct the jury on a later-arising requirement between the parties that did not speak to MCI's earlier reliance on the bids.

Similarly, "time is of the essence" was not a principle applicable to the case. GMS Construction did not indicate that time was of the essence in its bids, nor did the bids contain an expiration date or time restriction of any sort. In fact, instead of asserting that the passage of time rendered performance infeasible, GMS Construction began work on the project. Furthermore, GMS Construction does not argue that it was prevented in any way from arguing to the jury any issues that arose due to the passage of time or failure to reduce the parties' agreement to writing.

GMS Construction has also failed to demonstrate error in the court's instruction on promissory estoppel or the 30% rule. Concerning the promissory estoppel instruction, GMS Construction acknowledges that it failed to object to the instruction given or offer its own. Although it urges application of the plain error doctrine,[5] it fails to support its request with any meaningful argument or analysis. GMS Construction, in conclusory fashion, contends only that

---

[5] "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

"it satisfied each of the four criteria for triggering the plain error doctrine," and that its "substantial rights were negatively affected, and the fairness and integrity of the trial court proceedings is called into serious doubt." Not only will this Court decline to consider inadequately-briefed arguments,[6] but "[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, *Maples v. W. Va. Dep't of Commerce*, 197 W. Va. 318, 475 S.E.2d 410 (1996).

The court's instruction on the 30% rule provided,

You heard testimony regarding a state regulation that limits the portion of a project that a [DOH] contractor can subcontract to other parties. For the purpose of providing you with the proper context for that testimony, the [c]ourt instructs the jury that, under West Virginia law, for a [DOH] project, "the contractor will be permitted to sublet a portion thereof but shall perform, with his or her own organization, work amounting to not less than 30 percent of the total contract cost."

This instruction includes an accurate recitation of the 30% rule, and we find no abuse of discretion in the addition of the "context for testimony" language.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 20, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6] *State, Dep't of Health and Human Res., Child Advocate Office ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument', really nothing more than an assertion, does not preserve a claim.") (citation omitted).