IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2023 Term

_____

No. 21-0901

_____

FILED

March 27, 2023

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WAR MEMORIAL HOSPITAL, INC.,
Petitioner Below, Petitioner,

v.

THE WEST VIRGINIA HEALTH CARE AUTHORITY,
Respondent Below, Respondent.

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Jennifer F. Bailey, Judge
Civil Action No. 20-AA-69

REVERSED AND REMANDED
WITH DIRECTIONS.

_____

Submitted: January 31, 2023
Filed: March 27, 2023

Caleb P. K Esq.
Robert L. Coffield, Esq.
Flaherty Sensabaugh Bonasso PLLC
Charleston, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Lindsay S. See, Esq.
Solicitor General
Katherine A. Campbell, Esq.
Senior Assistant Attorney General
Counsel for the Respondent

JUSTICE WOOTON delivered the Opinion of the Court.

CHIEF JUSTICE WALKER and JUSTICE BUNN dissent and reserve the right to file dissenting opinions.

**SYLLABUS BY THE COURT**

1.      "Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.'"  Syl. Pt. 3, *Shepherdstown Volunteer Fire Dep't v. State ex rel. W. Va. Hum. Rights Comm'n*, 172 W. Va. 627, 309 S.E.2d 342 (1983).

2.      "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dep't*, 195 W.Va. 573, 466 S.E.2d 424 (1995).

3.      "The judiciary is the final authority on issues of statutory construction, and we are obliged to reject administrative constructions that are contrary to the clear

language of a statute." Syl. Pt. 5, *CNG Transmission Corp. v. Craig*, 211 W.Va. 170, 564 S.E.2d 167 (2002).

4.      "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).

5.      "If the language of an enactment is clear and within the constitutional authority of the law-making body which passed it, courts must read the relevant law according to is unvarnished meaning, without any judicial embroidery."  Syl. Pt. 3, in part, *W. Va. Health Care Cost Rev. Auth. v. Boone Mem'l Hosp.*, 196 W. Va. 326, 472 S.E.2d 411 (1996).

**WOOTON, Justice:**

The petitioner, War Memorial Hospital, Inc. ("the Hospital"), appeals the October 5, 2021, order entered by the Circuit Court of Kanawha County, West Virginia, affirming the rulings of the respondent, The West Virginia Health Care Authority ("the WVHCA"). The WVHCA denied the Hospital's certificate of need ("CON") exemption application that would have allowed the Hospital to acquire and utilize a fixed magnetic resonance imagining ("MRI") scanner that cost less than $750,000 at its medical office building. *See* W. Va. Code § 16-2D-11(c)(27) (2017) (discussed *infra* in greater detail).[1] The Hospital argues[2] that the circuit court and the WVHCA erred: 1) in failing to approve its exemption application because it met all the requisite statutory criteria; and 2) in imposing an additional criteria restricting the acquisition and utilization of the MRI scanner by the Hospital to its "primary hospital location" as there is no location-specific requirement in the statute. *See id*. Upon our careful review of the briefs, the parties' arguments, the appendix record, the applicable law, and all other matters before the Court, we reverse the circuit court's decision and remand the case directing the court to enter an

---

[1] We use the 2017 version of West Virginia Code section 16-2D-11(c)(27), because it was in effect at the time the Hospital filed its application for the exemption. The statute was amended by the Legislature in 2020; however, the amendments do not affect this case.

[2] The Hospital's assigned errors are redundant and fail to align with the specific substantive arguments it makes in its brief. Accordingly, the assignments of error have been rephrased to address the two primary issues before the Court.

1

order approving the Hospital's requested exemption application in regard to the subject MRI scanner.

## I. Facts and Procedural Background

On December 18, 2019, the WVHCA received an application from the Hospital, a West Virginia licensed critical access hospital located on Health Way in Berkeley Springs, Morgan County, West Virginia, for an exemption from CON review for acquisition of an MRI scanner to be used in a medical office building located on Williamsport Pike, Martinsburg, Berkeley County, West Virginia.[3] The request for an exemption was based on the provisions of West Virginia Code section 16-2D-11(c)(27), which provide:

> Notwithstanding section eight and ten and except as provided in section nine of this article, the Legislature finds that a need exists, and these health services are *exempt from the certificate of need process:*
>
> . . . .
>
> (27) *The acquisition and utilization of one* computed tomography scanner and/or *magnetic resonance imaging scanner with a purchase price up to $750.000 by a hospital.*[4]

---

[3] The Hospital represented and the circuit court found that this location would be staffed by the Hospital's employees. Further, it was undisputed that the WVHCA "had granted a CON on September 5, 2018, to East Mountain Health Advantage [the Hospital's parent corporation] to develop a commercial office building at 5524 Williamsport Pike, Martinsburg, Berkeley County, West Virginia."

[4] *See* W. Va. Code § 16-2D-8 (2021) ("(a) Except as provided in § 16-2D-9, § 16-2D-10, and § 16-2D-11 of this code, the following proposed health services may not be

2

*Id.* (emphasis and footnote added). The WVHCA denied the Hospital's exemption application in a decision dated February 3, 2020. Specifically, the WVHCA found that the Hospital did not "intend to acquire and utilize a CT [5] scanner at its facility located at 1 Healthy Way, Berkeley Springs, Morgan County, West Virginia." Instead, the petitioner intended to "utilize" the MRI scanner at its medical office building owned by the Hospital's parent corporation and staffed by the Hospital employees but located in Martinsburg, West Virginia. The WVHCA determined that

> in creating W. Va. Code § 16-2D-11(c)(27), the Legislature intended to create an exemption for a hospital to acquire and utilize a [MRI] scanner at its primary hospital location. The Legislature did not intend for hospitals to purchase and utilize [MRI] scanners in medical office buildings *that are not part of a hospital's primary location.* Such an interpretation would lead to absurd results.
>
> If, as the applicant asserts, W. Va. Code § 16-2D-11(c)(27) allows a hospital to acquire a [MRI] scanner and utilize it in any random location, then all hospitals could acquire and utilize a CT scanner or MRI scanner adjacent to every existing hospital without regard to the need for the devices. Indeed, the proposed location for the [MRI] scanner in WMH's application is in the vicinity of Berkeley Medical Center. *The Authority does not find it credible that the Legislature intended an exemption that would result in such an unchecked duplication*

---

acquired, offered, or developed within this state except upon approval of and receipt of a certificate of need as provided by this article: . . . (b) The following health services are required to obtain a certificate of need regardless of the minimum expenditure: . . . (6) Providing fixed magnetic resonance imaging; . . .").

[5] Presumably the WVHCA's reference to a "CT scanner" was a scrivener's error, as the Hospital sought to acquire an MRI scanner, not a CT scanner. Accordingly, we substitute "MRI" for "CT" throughout this opinion. Regardless of this error, it should be noted that both types of scanners are the subject of the exemption set forth in West Virginia section 16-2D-11(c)(27).

*of services. Rather, the more plausible interpretation is the Legislature intended hospitals to be able to purchase and utilize CT scanners and MRI scanners in their own facilities without the necessity of having to go through full CON review.*

(Emphasis added). The petitioner appealed, and following a hearing the WVHCA Office of Judges affirmed the denial of the exemption application in a decision dated August 17, 2020.[6]

On September 16, 2020, the Hospital appealed the decision of the WVHCA Office of Judges to the circuit court. By order entered October 5, 2021, the court also affirmed the decisions of the WVHCA and its Office of Judges. The court determined

it is clear that the Legislative intent of the exemption was that the MRI device would be acquired and used by the hospital *in the acquiring hospital's facility.* . . . In order for the exemption to apply, [the Hospital] would need to acquire and utilize the device *at [the Hospital's] facilities*. However, this is not the case. [The Hospital] intends to acquire an MRI device *and place it in a medical office building in another county that is owned by its parent corporation.*

(Emphasis added). The court found that although the Hospital contended that the location where the MRI scanner was to be located would have been staffed by its employees and treated as the Hospital's outpatient department, "this is not what the exemption statute requires." It is from this order that the Hospital appeals.

---

[6] The Office of Judges upheld the WVHCA's decision based on the standard of review, concluding that "the Decision at issue is not clearly wrong in view of the reliable, probative and substantial evidence of the whole record and not arbitrary, capricious, characterized by abuse of discretion or a clearly unwarranted exercise of discretion."

## II. Standard of Review

In syllabus point two of *Shepherdstown Volunteer Fire Department v. State ex rel. West Virginia Human Rights Commission*, 172 W. Va. 627, 309 S.E.2d 342 (1983), we held:

> Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

*Accord* W. Va. Code § 29A-5-4(g) (2018 & Supp 2022) (setting forth same statutory language).[7] With respect to the issues raised in this case, "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dep't*, 195 W.Va. 573, 466 S.E.2d 424 (1995). Further, "[t]he judiciary is the final authority on issues of statutory construction, and we are obliged to reject administrative constructions that are contrary to the clear language of a statute." Syl. Pt. 5, *CNG Transmission Corp. v. Craig*, 211 W. Va.

---

[7] The Legislature amended West Virginia Code section 29A-5-4 in 2021; however, the amendments do not affect this case.

170, 564 S.E.2d 167 (2002); s*ee* Syl. Pt. 2, *Domestic Violence Survivors' Support Grp., Inc. v. W. Va. Dep't of Health & Hum. Res.*, 238 W. Va. 566, 569, 797 S.E.2d 543, 546 (2017). With these standards in mind, we examine the issue before us.

### III. Discussion

The narrow issue before us is whether the Hospital met the requisite statutory requirements for the exemption set forth in West Virginia Code section 16-2D-11(c)(27) for its proposed acquisition and utilization of an MRI scanner. The Hospital argues that it complied with the requirements because it is a licensed critical access hospital that had planned to acquire and utilize an MRI scanner with a purchase price of less than $750,000. *See id.* It contends that "[t]he WVHCA only denied the exemption application because it created an additional condition – requiring that the acquired MRI be located at the hospital's primary hospital location once acquired." The Hospital argues that this location-specific requirement as to where the MRI scanner had to be utilized once the Hospital acquired it was created in whole cloth by the WVHCA, as it plainly is not found in the statutory exemption itself. *See id.* To the contrary, the statute by its terms allows the exemption for "the acquisition and utilization of one computed tomography scanner and/or magnetic resonance imaging scanner with a purchase price up to $750.000 by a hospital." *Id.*

Conversely, the WVHCA argues that the Hospital, which is located in Berkeley Springs, Morgan County, West Virginia, indicated in its application that it

6

intended to purchase an MRI scanner and utilize it at a medical office building owned by its parent corporation[8] and located in Martinsburg, Berkeley County, West Virginia, which is twenty miles away from the petitioner's primary location. The WVHCA also contends that the medical office building is located in the vicinity of Berkeley Medical Center which, the WVHCA asserts, also offers MRI scanner services.  According to the WVHCA, its "rationale for the denial was that W. Va. Code § l6-2D-11(c)(27) provides an exemption for hospitals to purchase an MRI scanner at its primary location, i.e., the hospital itself." The WVHCA contends that "the intent of the exemption was to save hospitals the time and expense of going through CON review to purchase and utilize an MRI scanner at *their hospital*."[9]  (Emphasis added).

---

[8] The WVHCA's suggestion that the use of the MRI scanner at a new medical office building owned by the Hospital's "parent non-profit corporation," East Mountain Health Advantage, Inc., is problematic in regard to the Hospital's application, is a red herring. Significantly, this fact was not a basis for denial of the Hospital's exemption application by the WVHCA, the Office of Judges, or the circuit court.

[9] The WVHCA also argues that this Court's adoption of the Hospital's interpretation of the statutory exemption, specifically, that there is no location-specific requirement that governs where the Hospital utilizes the MRI scanner, "could create a profusion of MRI devices without regard to the impact on existing services."  This is an overreaction at best and ignores the express limitation in the language of the exemption which provides for "[t]he acquisition and utilization of . . . *one* magnetic resonance imaging scanner. . . ." W. Va. Code § 16-2D-11(c)(27) (emphasis added). It is difficult to comprehend how a "profusion of MRI devices" will occur insofar as the exemption is limited to the purchase of a single MRI scanner by a hospital.  *See id.*

7

The well-established precedent of this Court provides that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951); *accord* Syl. Pt. 1, *State v. Jarvis*, 199 W.Va. 635, 487 S.E.2d 293 (1997); Syl. Pt. 2, *Mace v. Mylan Pharms., Inc.*, 227 W. Va. 666, 714 S.E.2d 223 (2011). Moreover, "a statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Hereford v. Meek*, 132 W. Va. 373, 386, 52 S.E.2d 740, 747 (1949). "If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co.*, 195 W. Va. at 587, 466 S.E.2d at 438. In this regard,

> "[i]t is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." *Banker v. Banker*, 196 W.Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996) (*citing Bullman v. D & R Lumber Company*, 195 W.Va. 129, 464 S.E.2d 771 (1995); *Donley v. Bracken*, 192 W.Va. 383, 452 S.E.2d 699 (1994)). *See also, State ex rel. Frazier v. Meadows*, 193 W.Va. 20, 24, 454 S.E.2d 65, 69 (1994) ("Courts are not free to read into the language what is not there, but rather should apply the statute as written."). Moreover, "[a] statute, or an administrative rule, may not, under the guise of 'interpretation,' be modified, revised, amended or rewritten." Syllabus Point 1, *Consumer Advocate Division v. Public Service Commission*, 182 W.Va. 152, 386 S.E.2d 650 (1989).

8

*Phillips v. Larry's Drive-In Pharmacy, Inc*., 220 W. Va. 484, 491, 647 S.E.2d 920, 927 (2007). In other words, "[i]f the language of an enactment is clear and within the constitutional authority of the law-making body which passed it, courts must read the relevant law according to its unvarnished meaning, without any judicial embroidery." Syl. Pt. 3, in part, *W. Va. Health Care Cost Rev. Auth. v. Boone Mem'l Hosp.*, 196 W. Va. 326, 472 S.E.2d 411 (1996).

Here, neither the Hospital nor the WVHCA argue that the statutory exemption is ambiguous. Instead, both parties contend that the statute is plain and unambiguous and therefore should be applied as written. In this regard, the plain language of the statutory exemption specifies that the only requirements for the exemption to apply are for a hospital,[10] to acquire and utilize an MRI scanner with a purchase price up to

---

[10] There is no dispute that the Hospital met the statutory definition of a "hospital" as defined in West Virginia Code section 16-2D-2(21). In that regard, "hospital" is defined as "a facility licensed pursuant to the provisions of article five-b of this chapter[.]" *Id*. West Virginia Code section 16-5B-1, entitled "Health facilities and certain other facilities operated in connection therewith to obtain license; exemptions; meaning of hospital, etc.," further defines the term "hospital" as follows: "A hospital or extended care facility operated in connection with a hospital, within the meaning of this article, shall mean any institution, place, building or agency in which an accommodation of five or more beds is maintained, furnished or offered for the hospitalization of the sick or injured[.]" *Id*.

Significantly, absent from this statutory definition is any mention that a hospital has a "primary location." Instead, the Legislature contemplated that a hospital may be comprised of multiple buildings, as reflected in the definition of "campus." *Id*. § 16-2D-2(6) ("the adjacent grounds and buildings, or grounds and buildings not separated by more than a public right-of-way, of a health care facility"); *Id*. § 16-2D-2 (16) (defining "health care facility" as "a publicly or privately owned facility, agency or entity that offers or provides health services, whether a for-profit or nonprofit entity and whether or not

$750,000. W. Va. Code § 16-2D-11(c)(27). Clearly the Hospital met every statutory requirement as its application indicated that it sought the "acquisition and utilization of . . . one magnetic resonance imaging scanner with a purchase price of up to 750,000"; in that regard, the MRI scanner it sought to acquire cost approximately $731,000. *See id.*

Despite the fact that the Hospital's application for an exemption met the statutory requirements set forth in West Virginia section 16-2D-11(c)(27), the WVHCA nonetheless denied the Hospital's application because it found "that in creating W. Va. Code § 16-2D-11(c)(27), the Legislature intended to create an exemption for a hospital to acquire and utilize a [MRI] scanner at its primary hospital location" and that the Hospital intended to utilize the MRI scanner at a medical office building that was not part of its "primary location." Both the Office of Judges and the circuit court agreed with the WVHCA's reasoning.

---

licensed, or required to be licensed, in whole or in part[.]"). Thus, the notion that a hospital must be location-specific is simply not supported in any statutory definition. The use of "health care facility," "institution," and "agency" all in the context of defining a "hospital" expands, not restricts, the potential location of a hospital. Likewise, the location restriction advanced by the WVHCA – that the MRI scanner must be located at a hospital's primary location – is not supported by the statutory definitions.

In this same vein, we further note that neither in the WVHCA's brief nor any rationale appearing in the decisions by the WVHCA, the Office of Judges, or the circuit court, is there any reliance upon the aforementioned statutory definition of "hospital" or any finding that the Hospital failed to meet this statutory definition in regard to the issues raised herein.

10

The Hospital argues that there is no statutory location-specific requirement that the MRI scanner it sought to acquire be utilized at its "primary hospital location," and that if the Legislature had intended to include such a requirement in the statute, it could have easily done so. We agree for two basic reasons.

First, a review of the relevant statutory provisions pertaining not only to the CON process but also to the statutory exemption set forth in West Virginia Code section 16-2D-11(c)(27) demonstrates the complete absence of any mention of a "hospital's primary location." *See id*. §§ 16-2D-1 to -20 (2021). Further, there is no mention of a "hospital's primary location" in the legislative rule which "establishes the general criteria and procedures for applying for an exemption from Certificate of Need." W. Va. Code R. § 65-29-1 to -9 (2017).[11]

Second, the Legislature has expressly established location-specific requirements for certain other health services that are exempt from the CON process. *See* W. Va. Code § 16-2D-11(c)(1) (providing for exemption from CON for tomography scanner that "*is installed in a private office practice* where at minimum seventy-five percent of the scans are performed on the patients of the practice private office practice. . . . If a physician owns or operates a private office practice in more than one location, *this*

---

[11] We use the legislative rule in effect at the time the Hospital's application was filed in this action. We note that the rule was amended, effective April 30, 2021; however, the amendments do not affect this case.

*exemption shall only apply to the physician's primary place of business* and if a physician wants to expand the offering of this service to include more than one computed topography scanner, he or she shall be required to obtain a certificate of need prior to expanding this service.") (emphasis added)); *see also id*. § 16-2D-11(10) (limiting certain renovations "*within a hospital*" without first obtaining a certificate of need) (emphasis added)); *id*. § 16-2D-10(9)(7) (providing that "a person may provide the following health services without obtaining a certificate of need or applying to the authority for approval . . . [t]he acquisition by a qualified hospital which is party to an approved cooperative agreement as provided in section twenty-eight, article twenty-nine-b, chapter sixteen of this code, *of a hospital located within a distance of twenty highway miles of the main campus of the qualified hospital*[.]" (emphasis added)). Yet, despite the lack of any location-specific requirement language in the exemption at issue in this case, this Court is being asked by the WVHCA to read such a requirement into section 16-2D-11(c)(27). We decline to do so. Succinctly stated, this Court is not free to read into a statute words that do not exist; rather, we are required to apply the statute as written. *See Phillips*, 220 W. Va. at 491, 647 S.E.2d at 927. Consequently, we find that the circuit court erred in upholding the WVHCA's determination that the exemption set forth in section 16-2D-11(c)(27) applies only if the acquisition and utilization of an MRI scanner by a hospital occurs at the hospital's primary location.[12]

---

[12] To the extent the Legislature intended a location-specific requirement in regard to the exemption set forth in West Virginia Code section 16-2D-11(c)(27), it is within its prerogative to add such a requirement to the statute.

12

In summary, we find that the clear language of West Virginia Code section 16-2D-11(c)(27), which contains no location-specific requirement applicable to the exemption therein, reflects the intention of the Legislature to omit any such requirement. Because the WVHCA's decision in this case was predicated upon that agency's interpretation of section 16-2D-11(c)(27) – an interpretation that was in reality a rewriting of the statute to include language that the Legislature purposefully omitted – its denial of the Hospital's exemption application violated the statute. Therefore, the WVHCA's decision was clearly wrong, arbitrary and capricious and entitled to no deference. *See W. Va. Health Care Cost Rev. Auth.*, 196 W. Va. at 328, 472 S.E.2d at 413, Syl. Pt. 4 (providing that "'[i]f the intention of the Legislature is clear, that is the end of the matter, and the agency's position only can be upheld if it conforms to the Legislature's intent. No deference is due the agency's interpretation at this stage.'") (quoting Syl. Pt. 3, *Appalachia Power Co. v. State Tax Dep't*, 195 W. Va. 573, 466 S.E.2d 424 (1995)).

## IV. Conclusion

For the foregoing reasons, we reverse the circuit court's October 5, 2021, order and remand the case to the circuit court directing that an order approving the Hospital's requested exemption in regard to the subject MRI scanner be entered.

Reversed and
Remanded with Directions.

13